THE PEOPLE EX. REL. AUGUSTE NOEL ET AL., RESPONDENTS,
v. RICHARD KINGSLAND, APPELLANT.

*Contempt—Injunction—Drawing Money in Bank.*

A Defendant enjoined from disposing of his property and effects, having
money in bank, which he draws out upon his checks, is thereby guilty of con-
tempt, and may be punished accordingly.

THIS was an appeal from an order adjudging the Defendant
guilty of a contempt, and imposing upon him a fine of $1,000.
The General Term reduced the fine to $400, and affirmed the origi-
nal order to that extent. The facts are stated in the opinion of
the Court.

*E. More* for Appellant.

*J. T. Glover* for Respondent.

HUNT, J.—This was a proceeding supplementary to execution,
under the provisions of the Code on that subject. The object was,
to compel the payment of a judgment of $3,384.20, rendered on
the seventh day of July, 1865. At the time of serving the order,
the relator caused to be served upon the Defendant an order in
the nature of an injunction order, by which he was forbidden to
transfer or make any disposition of his property, or in any man-
ner to interfere therewith, until the further order of the Court.

The Defendant was examined on various days, commencing in
October, and ending on the fourteenth of December, 1865. It
appeared from his testimony that he had in the Manhattan Bank
to his credit, at the time the order was served upon him, the sum
of $546.15, and that, during the month of October, he drew out
upon his check all this money except a balance of $31.65. The
bank account was headed "Manhattan Bank in account with
Richard Kingsland, in trust." It further appeared that the mon-
eys so drawn were drawn upon checks signed by the Defendant,
individually, and expressed to be for "family," for "board," for
"office," for "diff. on stock," "Ed. Baldwin." Upon an order to
show cause, the court below adjudged him guilty of a contempt
in using this money, and imposed upon him a fine of $1,000.

Upon an appeal to the General Term, the sum was reduced to $400, and the order was affirmed to that extent. The Defendant now appeals to this Court.

In support of the appeal it is urged that the Defendant was doing business as an agent for his wife, that the money deposited in bank belonged to her, and that since the recent statutes she was authorized thus to transact business, and authorized to employ her husband as her agent for that purpose.

These questions do not arise. If the business had been transacted in the name of Mrs. Kingsland, and the money had been deposited to her credit, a different question would have been presented. The legal title to the money in bank would have been in her. As the case stands, the legal title to the money, and to all of it, was in the Defendant; and the claim of the wife and of Baldwin, so far as they had claims, gave them no legal title to the specific money in bank. If the Defendant was in truth acting as the agent for his wife, and all the money under his control, either in bank or upon his person, was the result of the business transacted for her, I do not say that she had not an equitable claim to the money. If the "$157.50 paid E. A. Baldwin," was a balance due to Mr. Baldwin upon sales of stock for his account, it is quite certain that he ought to have been paid that amount. But whether, in either of these cases, the creditors would have had an equitable lien upon the specific fund, or whether they were simply creditors at large of Kingsland, it is not now necessary to consider. It is sufficient for the present purpose that the legal title to the money was in the Defendant, and that no proceedings had been taken to enforce the equitable claim of any other party. In using and disposing of the money, he violated the injunction order served upon him.

It appears also, from the testimony of the Defendant, that his funds in bank were in part the produce of his business as a broker; that he received money for others, and also his commissions; that he did his business as a broker in his own name; that his commission as a broker sometimes amounted to $500 per month, and these funds, as well as the amount of sales of stock, constituted

his deposits in bank.    Whatever might be the claim of his wife, upon a settlement of his accounts with her as her agent, it is plain that the money thus earned by the services of the Defendant, and deposited to his own credit in the bank, was the money of the Defendant.    When he used this money, as stated in the case, he violated the injunction order forbidding him to interfere in any manner with the funds or property belonging to him.

The order should be affirmed, with costs.

PARKER, J.—The evidence before the justice of the Supreme Court who made the order adjudging the Defendant guilty of contempt in disobeying the injunction order obtained against him, was sufficient to warrant the decision made.

He paid out, after the service of the order upon him, of moneys on hand at the time of such service, over $800.    This was money deposited to his credit in the bank, and though the account was kept by the bank with "Richard Kingsland, in trust," yet all his deposits were credited to that account.    He was doing business as a stock-broker in his own name, and on his own account.    If he sold stock for other persons, whether his wife or others, he deposited the proceeds to that account.    He also deposited his own earnings, or portions of them, to the same account.

Now, of the $800 expended by him, $356.25 was individually expended for himself and family.    The presumption most favorable to the Defendant, taking his own theory that the moneys received by him from sales of stocks for his wife and others he held in trust, is, that these expenditures were from his own portion of the moneys on deposit.

The General Term, taking the most favorable view for the Defendant, reduced the fine from $1,000 to $400.    This latter sum was surely not an unreasonable amount to indemnify the relators for the withdrawing of the $356.25 from being applied to their judgment, and to satisfy their costs and expenses of the proceeding.

The order appealed from should be affirmed, with costs.

All affirm.