KNAPP SLATER, Respondent, v. WILLIAM J. MERRITT, sued as WILLIAM WILSON AND BENJAMIN M. STILLWELL (his attorney), Appellants.

Before a party can be punished for alleged contempt, in violating an injunction order, there must be proof tending to establish his connection with the act complained of. Suspicious circumstances merely may, if unexplained, be in some cases sufficient, but are insufficient when they are met by positive and explicit testimony explaining them and fully clearing the party from all complicity with the persons doing the act, and from prior knowledge of intent to commit it.

Where an attorney has two clients, one of whom is enjoined, and the other who is in an independent position, having or claiming different rights or interests, is not enjoined, such attorney cannot ordinarily be charged with violation of the injunction in advising or acting professionally for the client not enjoined; his being enjoined as attorney for one client does not limit or restrain his professional action for others.

(Argued October 1, 1878; decided November 26, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term adjudging defendant and his attorney guilty of contempt.

The particulars of the order and the material facts appear sufficiently in the opinion.

*Benj. M. Stilwell*, for appellant. The injunction would not affect the rights of persons not parties to the action, or the right of the attorneys for such persons to advise them as to their rights or assist them to recover them. (*People* v. *Randall*, 73 N. Y., 416.) The facts alleged in the affidavit upon which the order was granted were fully met and controverted by the affidavits read in opposition. The court therefore erred in denying the motion to dismiss the proceedings. (*Brush* v. *Lee*, 6 Abb. [N. S.], 57; *Bigler* v. *Barnes*, 56 N. Y., 654; *Pitt* v. *Davidson*, 37 id., 235; *Erie R. Co.* v. *Ramsey*, 45 id., 643; *Kerrains* v. *People*, 60 id., 221.) The court erred in requiring the parties charged with contempt to submit to an oral examination and to testify as witnesses against them-

selves. (2 R. S., 726, § 32; 1 id., 84, § 13; Const. art. 1, § 6; *Pitt* v. *Davison*, 37 N. Y., 238–239; *Weeks* v. *Smith*, 3 Abb., 211.) The punishment imposed by the court was illegal. (2 R. S., 557, § 21; *Sudlow* v. *Knox*, 7 Abb. [N. S.], 411; *Erie R. Co.* v. *Ramsey*, 45 N. Y., 637; *Gray* v. *Cook*, 24 How., 432.)

*C. Frost*, for respondent. An oral examination with reference to the alleged contempt was properly ordered. (2 R. S., 536, § 5; *People* v. *Alexander*, 5 Thomp. & Cook, 297; 3 Hun, 211; *Pitt* v. *Davidson*, 37 N. Y. R., 235; pt. 3, chap. 8, tit. 13; 2 R. S., p. 534; pt. 4, chap. 1, tit. 6, § 14, 2 R. S., 692.) The court had power to compel the defendant and Stilwell to restore possession of the premises to plaintiff. (2 R. S., 538, §§ 20, 23; 4 Black. Com., 286; *Pitt* v. *Davidson*, 37 N. Y., 235–236; *Albany City Bk.* v. *Schermerhorn*, 9 Paige, 378.) The evidence warranted an adjudication that the persons charged with contempt procured possession of the dwelling-house to be taken. (*Wheeler* v. *Gelsey*, 35 How. Pr. R., 139; *People* v. *Conover*, 5 Abb. Pr. R., 244; *Neal* v. *Osborn*, 15 How. Pr. R., 81.)

HAND, J. The order of the court below affirmed at General Term adjudges the appellants, the defendant and his attorney Stilwell, each guilty of contempt in disobeying an injunction, by advising and procuring the mother and daughter of the defendant to enter into possession of the dwelling-house of the late John A. Merritt, deceased, and recites that the said mother and daughter still retain possession as the agents of the defendant. It finds the appellants seventy-five dollars each to be paid to the plaintiff, orders them to restore to the plaintiff the possession of the dwelling-house, and directs them to stand committed to the common jail until the fines are paid and the premises are so restored.

The injunction adjudged to have been violated restrains the defendant, his attorneys, agents, servants and assistants from entering upon the farm and lands lately owned and

occupied by John A. Merritt, deceased; and was granted and served about the 2d of July, 1877. These proceedings to punish the appellants for the alleged violation of the injunction were commenced upon affidavits of the plaintiff and his attorney. The defendant Merritt and Stilwell the attorney both appeared and filed affidavits in opposition, and against their protest were examined by the plaintiff's counsel at length as to the alleged violation of the injunction. Mrs. Kraanshaw the defendant's daughter was also examined.

Upon a careful review of these affidavits and examinations, which are the basis of the order appealed from, I am unable to concur in the conclusion of the court below. I do not think that they justify an adjudication that either the defendant or Stilwell have violated the injunction.

It appears from them that the defendant resides in a house directly across the road from the farm-house the entry upon which is complained of. One Nelson Slater a son of the plaintiff had been in possession of the latter house previous to the 11th of July, 1877, for his father. His wife, Mrs. Nelson Slater makes affidavit that on that day her husband abandoned her and went off taking all their money and leaving her without support. That being destitute and alone, she applied for advice to a justice of the peace of the neighborhood, who advised her that she had the right to sell the vegetables in the garden and any articles of household furniture she chose and advised her to invite some female acquaintance to occupy the premises with her and prevent scandal. That being on terms of intimacy with Mrs. Mullin, a married daughter of the defendant, she invited her to the house. Mrs. Mullin accepted this invitation and not only came but purchased, to afford Mrs. Slater means of support, some of the furniture and the vegetables of the garden. Afterwards Mrs. Mullin invited her grandmother Eliza Merritt to come and live with her upon the premises. Mrs. Slater further swears that she had no conversation or conference with the defendant or his attorneys about this transaction. This affidavit is without any contradiction in the papers.

It seems that subsequently another married daughter of the defendant Mrs. Kraanshaw joined the others at the house and that the grandmother when called upon by the plaintiff's attorney claimed to be entitled to remain in possession as widow of Merritt deceased and Mrs. Kraanshaw as mortgagee.

If there were any evidence connecting the defendant with these transactions or making him responsible for these entries or showing that they were made by his procurement or his agency, a case of violation of the injunction by him would probably be made out,— but I am unable to find any such evidence. The defendant swears positively both in his affidavit and orally that he never in any manner violated, or counseled or advised to violate, or aided or abetted any other person in violating the injunction. That the entry made by his mother and his married daughter was in no way advised or aided by him and was without his knowledge, that he was absent from home when it was made, and it was not in any manner for him or as his agent. To the same effect was the evidence of Mrs. Kraanshaw. Unless we have a right to say that these wholly uncontradicted statements are purely fictitious and false, and I do not see how we can properly do so, it seems clear that there was no contempt by defendant.

Mrs. Mullin, Mrs. Kraanshaw, and the grandmother were all three residents of New York city and were in the habit of visiting at the defendant's place opposite these premises, but they do not appear in the evidence to have acted by his instigation, or to have been under his control, or, indeed, to have taken possession at all in his right or for his interest.

It is true that the near concurrence in point of time of the invitation by Mrs. Slater to Mrs. Mullin and her acceptance, the arrival of the grandmother and Mrs. Kraanshaw from New York and their joining Mrs. Mullin, and the subsequent appearance of Stilwell, the attorney are, as stated in the opinion below, suspicious circumstances and raise an appearance of some concert, but suspicion merely is not sufficient to

overthrow the positive testimony of the defendant and the other witnesses fully clearing him from all complicity with or knowledge before the fact of such entry, even if previous knowledge on his part of an attempted entry of his mother in her own right and an entire failure by him to object to or prevent such attempt would render him guilty of a violation of this injunction, which can hardly be conceded.

Before parties can be punished by fine and imprisonment, there must be proof against them tending to show illegal acts. Suspicious circumstances unexplained may in some cases be sufficient proof, but in this case they cannot overcome all the positive and explicit testimony to the contrary.

The above observations apply still more strongly to the case of Mr. Stilwell the other appellant. Indeed it can hardly be pretended that there is any evidence against him of counseling or abetting the violation of the injunction unless his admitted advice to the grandmother to get possession, if she could, as dowress, and his advice to Mrs. Kraanshaw, being in, to keep possession under her mortgage is claimed to be such. But this court has recently held *People v. Randall* (73 N. Y., 416) that where an attorney has two clients, one of whom is enjoined and the other, in an independent position and having or claiming different rights and interests, is not enjoined, such attorney cannot ordinarily be charged with violation of the injunction in advising or acting professionally for the latter. He is enjoined as the attorney of the defendant merely and this cannot limit or restrain his professional action in behalf of others.

I think the orders of the Special and General Terms should be reversed.

All concur, except RAPALLO, J., absent.

Orders reversed.