Martin, J.
This is an appeal from an order made in proceedings supplementary to execution by the Onondaga county judge.
The order appealed from adjudged the defendant guilty of contempt in disobeying an order which enjoined him from transferring or interfering with his property. It also adjudged that the defendant pay the plain tiff $625.66 as a fine for his misconduct and that he should be imprisoned until it was paid.
The alleged disobedience consisted of the defendant’s permitting $2,000 to be paid to his wife, which, it was claimed, belonged to him. That this money belonged to the defendant was denied. Both the defendant and his wife claimed that it was hers arid not his.
The defendant had been totally insolvent, and had had no property or business of his own for several years before this proceeding was instituted. He had acted as, the agent of his wife in the conduct and management of her business.
In 1885, with the consent of his wife and for her, he commenced investing her money in a bucket shop. The transactions were had in his name. The usual result followed, the money invested was lost. An action was then brought against the managers to recover back the lost money. It was commenced in the defendant’s name, although he informed the attorneys bringing it that the money was his wife’s. The action was settled before trial by the payment of $2,500. The attorneys retained $500 for their services; and paid the remaining $2,000 to the defendant’s wife. She claimed this money as hers. Defendant conceded that it belonged to her, and it was paid by his consent, but not by his direction. A receipt was given, which was signed by both the defendant and his wife. It was signed by the defendant at the request of the attorneys, and not because he received or claimed the money as his own. It was upon this payment that the order appealed from was based.
In a proceeding for contempt in disobeying an injunction, thq positive testimony of the defendants and their witnesses cannot be overthrown merely by the proof of suspicious circumstances Slater v. Merritt, 75 N. Y., 268. In order to support a conviction for contempt of an injunction in proceedings supplementary to execution, the legal title to the property, the transfer of which forms the contempt, must *235 be proven to be in the accused. Dean v. Hyatt, 5 W. D., 67. As the money furnished for the illegal wagers belonged to the defendant’s wife, she alone could recover it. Ruckman v. Pitcher, 20 N. Y., 1. The proof before the learned county judge was not, we think, sufficient to justify him in making the order appealed from.
The case of The People v. Kingsland (3 Keyes, 325), is not in conflict with this determination. In that case it was held that the legal title to the fund was in the defendant. That is not the case here. Here the money belonged to the defendant’s wife; the wagers were made with her consent and for her. The fact that the attorneys for the husband may have brought an action in his name instead of her’s, and that the transactions were in his name, did not change her title or right of recovery. It was on a settlement for moneys wagered which belonged to her that the $2,000 was paid.
The order appealed from should be reversed, with costs.
Hardin, P. J., and Follett, J., concur.