(25 App. Div. 140.)

### JACKSON et al. v. MURRAY.

(Supreme Court, Appellate Division, Second Department.   January 21, 1898.)

VIOLATION OF INJUNCTION—CONTEMPT.

> A judgment debtor had a deposit in a savings bank, in her own name, "in trust" for her daughter.   *Held*, that her act in drawing out and transferring this money, after service upon her of an injunction order in supplementary proceedings, constituted contempt of court, irrespective of whether the equitable title to the money was in the alleged beneficiary or not.

Appeal from city court of Yonkers.

Action by Edwin M. Jackson and Robert G. Jackson against Catherine Murray.   From an order adjudging defendant guilty of contempt in violating an injunction order issued in supplementary proceedings, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Adrian M. Potter, for appellant.

F. X. Donoghue, for respondents.

HATCH, J.   The defendant has been adjudged guilty of contempt for causing to be drawn out a sum of money, which was deposited in the People's Savings Bank of Yonkers, after the service upon her of the injunction order herein.   The money was deposited in the bank in the name of "Catherine Murray, in trust for Julia Murray."   It may be true that the equitable title to the money was in the cestui que true.   Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412.   It is equally true that a court would be authorized to find, upon the evidence, in a proper action, that the money was in fact the property of Catherine Murray.   But, however this may be, she was invested with the legal title to the money when the order was served, and when the same was drawn out.   Her act in transferring the fund was, therefore, a violation of the order,

within the authority of People v. Kingsland, *42 N. Y. 325, and authorized the order which was made.

The order should be affirmed, with $10 costs and disbursements. All concur.