## WELD v. SAGE.

(Supreme Court, Appellate Division, First Department.  November 11, 1898.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—RIGHT TO PROPERTY.

A judgment debtor kept a bank account in the name of his wife, which he managed under a power of attorney, and accounted to no one for the money used. He deposited in this account $1,980 given him by his brother, and three days later, at the time of the order in question, he had nearly $800 left. He also deposited with this account checks in his own name received by him as insurance agent in payment of premiums, but failed to show that any of this money was included in the balance. Held, that a receiver in supplementary proceedings was entitled to the deposit, under Code Civ. Proc. § 2447, which authorizes an order directing a judgment debtor to pay money to such a receiver, where he has in his possession or under his control money belonging to him, his right to which is not substantially disputed.

2. SAME—BANK DEPOSIT.

An insurance broker, who had deposited several thousand dollars of his own money, also deposited in the same account checks received by him in payment of premiums, which were made payable to his order, he in turn paying the insurance companies out of his own funds. Held, that

a balance of such account remaining at the time of an order to pay it to a receiver, appointed in proceedings supplementary to an execution against him, belonged to him, so as to be subject to the order.

3. SAME—CLAIMANT—BURDEN OF PROOF.

Where a judgment debtor, ordered to pay a deposit standing to his credit to a receiver appointed in proceedings supplementary to execution against him, claims that the deposit belongs to another, the burden is on him to prove such fact.

Appeal from special term.

Appeal from an order directing Warren Sage to pay money to J. Edward .Weld, receiver. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Eugene Van Schaick, for appellant.
Herbert W. Grindal, for respondent.

McLAUGHLIN, J. Appeal from an order directing a judgment debtor to pay certain moneys belonging to him and in his control to a receiver appointed in proceedings supplementary to execution. Section 2447 of the Code of Civil Procedure authorizes such an order to be made where it appears from the examination or testimony taken in proceedings supplementary to execution that the judgment debtor has in his possession or under his control money or other personal property belonging to him, his right to which is not substantially disputed. The examination of this judgment debtor disclosed the fact that, at the time the order requiring him to appear and submit to an examination was served upon him, he had in his possession the sum which he was directed to pay. His possession was not disputed, and there was no real dispute as to his ownership of it. From his own testimony it appeared that he kept a bank account in the name of his wife, but that he was the only person who had drawn any money out of that account for years; that, under a power of attorney from her, he managed the account as his own, and accounted to no one for the money which he used; that on February 26, 1898, he deposited in this account $2,008.50, of which $1,980 was given to him by his brother; and that three days later, the day the order was served upon him, he had a balance to his credit in this account of $777.91, and this balance is the money which he was directed to pay to the receiver. It also appeared from his examination that he was a fire insurance broker, and that the premiums upon insurance effected by him were paid by checks to his order, which he deposited in this bank account. It is contended that this money did not belong to him, but to the insurance companies; and we are asked to reverse.the order appealed from, inasmuch as it was not made to appear on the examination that the money directed to be paid did not include some of this insurance money. A complete answer to this suggestion is that it was not made to appear that any money obtained by the judgment debtor in this way was directed to be paid to the receiver. It did appear, however, that between June 18, 1897, and March 1, 1898; the defendant deposited in this account several thousand dollars, which is conceded to have been his own. He claims that this

money was used by him in paying household expenses, family debts, and insurance premiums; that he did not keep the insurance moneys separate from his own funds, but took checks payable to his own order, deposited these checks in the bank, then used the money for his personal expenses, and in turn took his own money to pay the insurance companies. Under such circumstances, we do not think it can be seriously claimed that the money standing to his credit when the order was served did not belong to him, and especially in view of the fact that no attempt was made by him or any one else to show that such money or any part of it was in fact insurance money. If such was the fact, the burden of showing it was upon him, he claiming the exemption.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur; INGRAHAM, J., in result.

BARRETT, J. (concurring). Prima facie, the moneys in bank were the property of the debtor. He paid these moneys out to certain insurance companies after he was served with the order, but he nowhere shows that the moneys so paid belonged to these companies. Whether his payments were of mere debts, or the turning over of trust funds, he does not distinctly state. He leaves us to infer the latter from the mere fact of payment, coupled with the additional circumstance that he was in the habit of depositing these premiums as received. On their face, however, the checks were given for money due by the debtor. If they were given in fulfillment of a trust duty, the debtor should have shown it. The burden was on him, when he took the risk of checking against this bank balance, of proving that it actually belonged to some one other than himself. He failed to meet this burden. His habit of making deposits there of premiums as received was a mere circumstance, just as was the fact of his making other deposits of moneys avowedly his own in the same account, and blending them all. We find, too, in his testimony, that, a few days before the date of the order in supplementary proceedings, he deposited $1,980, which was given to him by his brother. He furnishes no account of the expenditure of this sum, further than to say that, when served with the order, there was but $777.91 to the credit of the account. This balance was apparently what was left of the $1,980 received from his brother. There is certainly no evidence that it belonged to the insurance companies. The only evidence on that head is that the debtor checked against the balance in favor of these insurance companies. That was apparently because he owed them money, not because they owned the $777.91, or because they had any specific lien thereon. There is thus no genuine conflict upon this record as to the ownership of the balance in bank. On the evidence before us, it belonged to the judgment debtor. He disobeyed the injunction when he used that balance, whether for personal expenses or in payment of debts; and he must make restoration, or suffer the consequences of his contempt.

The order should accordingly be affirmed, with costs.