## HARVEY v. ARNOLD et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. BANKS—DEPOSITS—TITLE—EVIDENCE—SUFFICIENCY.
　　Defendant, who had numerous judgments against him, entered into a verbal agreement with his mother, by which he was to conduct a business in her name, and in pursuance of which he ordered goods as agent, and opened an account in the bank in his name as agent. On his mother's death her property was left to a trustee for defendant's benefit, and he continued in the business under an agreement with the trustee similar to that had between himself and his mother, during the course of which he accumulated considerable property, conducted many transactions in his own name, had stationery printed in his own name, deposited money in the bank accruing from his business dealings, the proceeds of which he mingled with those resulting from his business as agent, and on which he drew for current bills and for such individual expenditures as suited his convenience, and made no reports of his transactions to the trustee. *Held,* that the legal title to the money deposited in the bank was in defendant.

2. CONTEMPT—VIOLATION OF ORDER IN SUPPLEMENTARY PROCEEDINGS.
　　A defendant in supplementary proceedings, who uses money to his credit on deposit in bank in violation of the usual injunctive order, is guilty of contempt.

Appeal from Special Term, Montgomery County.

Action by Elmer T. Harvey against William A. Arnold and another. From an order adjudging defendant Arnold in contempt of court, and imposing a fine upon him, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Nisbet & Hanson (C. S. Nisbet, of counsel), for appellant.
Charles E. Hardies, for respondent.

¶ 2. See Execution, vol. 21, Cent. Dig. § 1199.

CHASE, J. Prior to 1889, William H. Arnold had been unsuccessful in business, and judgments had been obtained against him aggregating between $40,000 and $50,000. He was the only child of Maria Arnold. She owned some real estate in Amsterdam. In that year he moved to Glens Falls, and engaged in the business of selling liquor. He made a verbal agreement with his mother, by which he was to conduct business in her name. He testifies that he was to have his living out of the business. That was the extent of the agreement. He ordered goods as agent, and opened an account in a bank at Glens Falls in the name of "W. H. Arnold, Agt." He continued business in this way for four or five years, when he extended his business by adding the bottling of soda water and other drinks. Maria Arnold died in 1897. She left a will, by which she gave her property to a trustee, and directed that the income therefrom be paid to William H. Arnold during his life. After the death of Maria Arnold, the executor and trustee under her will assented to William H. Arnold continuing the business as it had theretofore been conducted. The business has now been conducted about 14 years, 6 years of which has been since the death of Maria Arnold, and he has never rendered a statement to his principal; neither has he ever received from or paid to his principal one cent on account of said business. The business has been successful, and he has purchased several pieces of real estate, taking the title thereto in the name of Maria Arnold during her life, and subsequently in the name of the trustee of her estate. He has continued the bank account in the name of "W. H. Arnold, Agt." He does not have a sign at his place of business. He had and has his individual name on his boxes, bottles, and business wagons. Prior to three years ago, some of his stationery was printed with his individual name and some as agent. During the last three years it has been exclusively in his individual name. He has conducted many transactions in his own name, and the proceeds of all the business conducted by him have been mingled. Money was frequently being deposited in the bank by him from his business and his business dealings. Checks were drawn by him thereon to pay for erecting new buildings, the current bills of the business, and for such individual expenditures and purposes as suited his fancy and convenience. On the 21st day of June, 1902, the balance to his credit in the bank was $261.11. On that day plaintiff, who had a judgment against Arnold, obtained and served upon him an order supplementary to execution, which order contained the usual injunctive provision. Arnold continued in the conduct of his business, and checked from the bank an amount in excess of the amount there on deposit when said order was served on him. An order was obtained directing said Arnold to show cause why he should not be punished for contempt. On the return of the order to show cause the court appointed a referee to take proofs and report to the court, with his opinion thereon, among other things, as to the title to said money in the bank on June 21, 1902. The referee took the evidence presented by the parties, and made his report to the court, in which he found that the title to the moneys so in said bank was in William H. Arnold individually. The court then made an order

adjudging William H. Arnold guilty of contempt, and fined him $261.11, besides the costs of the proceeding.

It is unnecessary for this court to discuss the question of Arnold's interest, if any, in the property accumulated by him as disclosed by the record. Such a discussion would require the presence of parties not now before the court. The bank account was under Arnold's exclusive control, management, and authority. In it he mingled the moneys of an extended business, more or less of which he conducted in his own name, and from it he had for years drawn money without reserve or regulation. There can be no substantial dispute about the legal title to the bank account being in Arnold, and under the authority of the People v. Kingsland, *42 N. Y. 325, Jackson v. Murray, 25 App. Div. 140, 49 N. Y. Supp. 195, and Matter of Weld, 34 App. Div. 471, 54 N. Y. Supp. 253, he was guilty of contempt in using the money on deposit at the time of the service of the order supplementary to execution herein.

Order should be affirmed, with costs. All concur.