ELMER T. HARVEY, Respondent, *v.* WILLIAM H. ARNOLD, Appellant, Impleaded with Another.

*Savings bank account in name of "W. H. Arnold, agt."— the title held to be in Arnold individually.*

What evidence is sufficient to establish that the legal title to a bank account standing in the name of "W. H. Arnold, agt.," was in the said W. H. Arnold individually, considered.

APPEAL by the defendant, William H. Arnold, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Montgomery on the 10th day of February, 1903, adjudging said defendant in contempt of court and imposing a fine upon him.

*C. S. Nisbet*, for the appellant.

*Charles E. Hardies*, for the respondent.

CHASE, J. :

Prior to 1889 William H. Arnold had been unsuccessful in business, and judgments had been obtained against him aggregating between $40,000 and $50,000. He was the only child of Maria Arnold. She owned some real estate in Amsterdam. In that year he moved to Glens Falls and engaged in the business of selling liquor. He made a verbal agreement with his mother by which he was to conduct business in her name. He testifies that he was to have his living out of the business. That was the extent of the agreement. He ordered goods as agent, and opened an account in a bank in Glens Falls in the name of "W. H. Arnold, agt." He continued business in this way for four or five years, when he extended his business by adding the bottling of soda water and other drinks.

Maria Arnold died in 1897. She left a will by which she gave her property to a trustee, and directed that the income therefrom be paid to William H. Arnold during his life. After the death of Maria Arnold the executor and trustee under her will assented to William II. Arnold continuing the business as it had theretofore been conducted. The business has now been conducted about fourteen years, six years of which has been since the death of Maria Arnold, and he has never rendered a statement to his principal, neither has he ever received from, or paid to, his principal one cent on account of said business. The business has been successful, and he has purchased several pieces of real estate, taking the title thereto in the name of Maria Arnold, during her life, and subsequently in the name of the trustee of her estate. He has continued the bank account in the name of "W. H. Arnold, agt." He does not have a sign at his place of business. He had and has his individual name

on his boxes, bottles and business wagons.   Prior to three years ago
some of his stationery was printed with his individual name, and
some as agent.   During the last three years it has been exclusively
in his individual name.   He has conducted many transactions in
his own name, and the proceeds of all the business conducted by
him have been mingled.   Money was frequently being deposited
in the bank by him from his business and his business dealings.
Checks were drawn by him thereon to pay for erecting new
buildings, the current bills of the business, and for such individual
expenditures and purposes as suited his fancy and convenience.

On the 21st day of June, 1902, the balance to his credit in the
bank was $261.11.   On that day plaintiff, who had a judgment
against Arnold, obtained and served upon him an order supplemen-
tary to execution, which order contained the usual injunctive
provision.

Arnold continued in the conduct of his business and checked from
the bank an amount in excess of the amount there on deposit when
said order was served on him.   An order was obtained directing said
Arnold to show cause why he should not be punished for contempt.
On the return of the order to show cause the court appointed a
referee to take proofs and report to the court, with his opinion
thereon, among other things, as to the title to said money in the
bank on June 21, 1902.   The referee took the evidence presented
by the parties and made his report to the court, in which he found
that the title to the moneys so in said bank was in William H.
Arnold individually.   The court then made an order adjudging
William H. Arnold guilty of contempt and fined him $261.11
besides the costs of the proceeding.

It is unnecessary for this court to discuss the question of Arnold's
interest, if any, in the property accumulated by him as disclosed by
the record.   Such a discussion would require the presence of parties
not now before the court.

The bank account was under Arnold's exclusive control, man-
agement and authority.   In it he mingled the moneys of an
extended business, more or less of which he conducted in his own
name, and from it he had for years drawn money without reserve
or regulation.

There can be no substantial dispute about the legal title to the

bank account being in Arnold, and under the authority of *People
v. Kingsland* (3 Keyes, 325); *Jackson* v. *Murray* (25 App. Div.
140), and *Matter of Weld* (34 id. 471) he was guilty of contempt
in using the money on deposit at the time of the service of the
order supplementary to execution herein.

The order should be affirmed, with costs.

All concurred.

Order affirmed, with costs.