ROBERT E. KENNEDY, Plaintiff, *v.* CHARLES J. SWAN, Defendant.

City Court of New York, New York County, February 10, 1930.

*Edward K. Kennedy*, for judgment creditor.

*Webster F. Williams*, for the defendant.

NOONAN, J. Motion to punish a judgment debtor for contempt in disobeying an injunctive provision contained in an order for his examination in supplementary proceedings which was served on him on November 6, 1929, and which forbade him from disposing of any property then owned by him. From the papers submitted, as well as from the evidence taken on the hearing to determine the extent of the judgment creditor's damages, it appears incontrovertibly that the judgment debtor on November 9, 1929, withdrew from the Hibernia Trust Company the sum of $1,651.38. Judgment was recovered by the judgment creditor on October 24, 1929, in the sum of $1,424.60. The account in the Hibernia Trust Company was in the name of Charles J. Swan & Co., which was in reality a trade name used by the judgment debtor.

It clearly appears from the evidence that the alleged partnership of the judgment debtor with a young lady in his office was a fictitious one. The contention that the money in the Hibernia Trust Company was a trust account for the benefit of the customers of the judgment debtor, who was a stockbroker, has been overwhelmingly disproved by the evidence. There can be no doubt, in my opinion, that the judgment debtor in withdrawing the money violated the injunctive provision of the order served upon him and was guilty of contempt in so doing. (*People* v. *Kingsland*, 3 Keyes, 325; *Jackson* v. *Murray*, 25 App. Div. 140; *Harvey* v. *Arnold*, 84 id. 132; *Matter of Black*, 138 id. 562.)

To fine the judgment debtor the full amount of the judgment there must be positive proof that the judgment creditor's rights have been actually impaired and prejudiced to this extent by the offense committed. (Jud. Law, § 773; *Ross* v. *La Cagnina*, 68 Misc. 497; *Goldsmiths & Silversmiths Co.* v. *Haas*, 76 id. 210;

*Matter of Starr* v. *Morange*, 119 id. 376; *Fall Brook Coal Co.* v. *Hecksher*, 42 Hun, 534; *Root* v. *Rich*, 170 N. Y. Supp. 871.) On November 19, 1929, the judgment debtor filed a petition in bankruptcy. If the money in the bank had not been withdrawn by the judgment debtor, the trustee in bankruptcy would have a right to take it. For that reason it does not seem to me that the judgment creditor has suffered any loss of the money by its withdrawal from the bank.

No damages having been proved, the fine must be limited to $250 and costs. The judgment debtor, therefore, is fined the sum of $250 and $20 costs, to be paid in installments of $25 a month, commencing February 20, 1930, the fine when paid to be applied on the judgment. If the fine is not so paid a commitment may issue.

Submit order.