## JOHN LIGHTBODY *vs.* SILVANUS SMITH & another.

Suffolk. March 8. — July 18, 1878. COLT & SOULE, JJ., absent.

In an action on an account annexed for work and labor, brought in the name of A. for the benefit of C., there was evidence that A., who was in the employ of B. by the day, assigned to C. all claims against B. for money due and to become due "for services rendered and to be rendered" for a certain time; that the consideration of this assignment was goods already furnished and to be furnished by C. to A.; that, before the time limited by the assignment expired, A. left the employ of B., and entered the employ of D., under an arrangement by which A. was to

continue to work on B.'s premises at the same wages, to be paid by B. to D., and by the latter to A., partly in cash and partly in goods. *Held*, that A.'s employment by B. being by the day, he had the right at any time to find employment elsewhere ; and that none of A's wages, after he ceased to work for B., passed by the assignment to C., although the arrangement between A., B. and D. was made with the intent to terminate the employment of A. by B., and deprive C. of the benefit of the assignment.

CONTRACT upon an account annexed for work and labor from April 18 to June 26, 1873, brought for the benefit of Joseph Davis, as assignee of the plaintiff.

At the trial in the Superior Court, before *Bacon*, J., without a jury, there was evidence that the plaintiff, on December 26 1874, executed to Davis the following assignment :

" Know all men by these presents, that I, John Lightbody of Boston, in the county of Suffolk, in consideration of $150 to me paid by Joseph Davis of said Boston, the receipt whereof I do hereby acknowledge, do hereby assign and transfer to said Joseph Davis all claims and demands which I now have, and all which, at any time between the date hereof and the twenty-sixth day of June next, I may and shall have against S. Smith and J. L. Townsend, both of said Boston, copartners, for all sums of money due, and for all sums of money and demand which, at any time between the date hereof and the said twenty-sixth day of June next, may and shall become due to me, for services rendered and to be rendered ; to have and to hold the same to the said Joseph Davis, his executors, administrators and assigns forever. And I, said John Lightbody, do hereby constitute and appoint the said Joseph Davis, and his assigns, to be my attorney irrevocable in the premises, to do and perform all acts, matters and things touching the premises, in the like manner to all intents and purposes, as I could if personally present."

There was also evidence that the plaintiff, at the time of making the assignment, and for a long time before and after, was at work for the defendants, at their yard, by employment from day to day, and by the day; that the plaintiff, at the time of making the assignment, was indebted to Davis for groceries to the amount of $165 ; that, subsequently to the assignment, the plain‑ tiff received from Davis $43 worth of groceries ; and Davis tes‑ tified, against the objection of the defendants, that the considera‑ tion of the assignment was the amount due for groceries, and for

such groceries as he might thereafter let him have; that the defendants paid to Davis, on the assignment, the sum of $125 for labor of the plaintiff up to April 18, 1874, being all that was due up to that date; that on April 20, 1874, the plaintiff went to Bedfield Erskine, and desired him to employ him; that Erskine and the plaintiff made an agreement between themselves, and, on the same morning, went to the defendant Smith, and notified him that the plaintiff would not work for the defendants any longer, but had hired himself to Erskine; that to this Smith assented, and subsequently, at the same interview, made an arrangement with Erskine that the plaintiff should work in the defendants' yard, and they would pay Erskine for the labor so furnished at the rate of $2 per day, which was the same amount they had been paying the plaintiff, and the same amount that Erskine agreed to pay him, Erskine paying him partly in groceries and partly in cash; and that all parties had notice of the assignment.

Upon this evidence, the judge found that the agreement between Erskine and the plaintiff was made with a view to fraudulently deprive Davis of the benefit of his assignment; that the defendants had knowledge of that intent when they made the arrangement with Erskine; that the plaintiff was, at the time of making the assignment, indebted to Davis in the sum of $165; that Davis subsequently let him have about $43 worth more of groceries; and that Davis drew on the assignment about $125.

The defendants asked the judge to rule, that, as the plaintiff was hired by the defendants from day to day, the agreement between Erskine and the plaintiff, and the subsequent agreement between Erskine and Smith, was a termination of any colorable contract, if any existed, which was the subject of the assignment, and that the plaintiff could not recover, notwithstanding that this might have been done with the intent to terminate the hiring and deprive Davis of the benefit of his assignment.

The judge declined so to rule; and ordered judgment for the plaintiff for the full amount of his claim, to wit, $110 and interest, being the full amount earned by him, as claimed in his declaration, between April 18 and June 26, and being the whole amount of his indebtedness to Davis. The defendants alleged exceptions.

*J. Bennett*, for the defendants.

*F. J. Munroe*, for the plaintiff.

AMES, J.   It may have been the expectation of all the parties concerned, at the time the advances were made to Lightbody, that he would continue in the employ of the defendants long enough for his wages to repay those advances.   But there was no stipulation to that effect.   On the contrary, his employment was by the day, and from day to day only.   They had a right to discharge him at any moment; and he had a right to seek employment elsewhere whenever he saw fit.   Except as to wages actually due him at the time of the assignment, it was an attempt to transfer a mere possibility of future earnings, and not an existing chose in action.   *Mulhall* v. *Quinn*, 1 Gray, 105. *Twiss* v. *Cheever*, 2 Allen, 40.   *Brackett* v. *Blake*, 7 Met. 335. *Low* v. *Pew*, 108 Mass. 347, 350.

The arrangement with Erskine, whatever may have been its motive, and however contrary to the assignee's expectations, was not a violation of Lightbody's contract.   It was not fraudulent within the legal sense of the word, inasmuch as it was an act which he had a right to do, and which deprived the assignee of none of his legal rights.   The defendants were therefore entitled to the ruling which they asked for upon this point; and none of the plaintiff's earnings after the 18th day of April passed by the assignment to Davis.                *Exceptions sustained.*