RHODES *v.* LINDERMAN.

*(Supreme Court, General Term, Fourth Department. February, 1892.)*

1. INJUNCTION—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

    A judgment debtor, before service on him of an injunction order in supplementary proceedings forbidding any transfer of his property, assigned all of his interest in an insurance policy on the life of a third person, deceased, to his wife. After service of such order he collected the insurance money, and paid the same over to his wife. *Held* no violation of the injunction order; title to the money not being in the debtor.

2. SAME—COSTS.

    In proceedings by a judgment creditor against the debtor for contempt in disobeying an injunction order in supplementary proceedings, a rule to show cause and a reference being had on the creditor's application, in both of which he failed, the court properly exercised its discretion in awarding costs against the creditor.

Appeal from order of Cortland county judge.

Action by Dana Rhodes against R. Burns Linderman. Plaintiff moved to punish defendant for contempt in violating an injunction in proceedings supplementary to execution. On the 9th of April, 1887, the appellant (plaintiff) obtained a judgment against the respondent (defendant) for $73.56 damages and costs before a justice of the peace of the town of Groton, Tompkins county, N. Y. The summons was personally served upon the respondent. A transcript of this judgment was filed and the judgment duly docketed in the office of the clerk of the county of Tompkins on the 26th day of January, 1891. On February 4, 1891, a transcript of the judgment docketed in the Tompkins county clerk's office was filed, and the judgment docketed in the office of the clerk of Cortland county. An execution upon this judgment against the property of the respondent was thereupon issued out of the county court of Cortland county, delivered to the sheriff of that county, being the county where the respondent then resided, and the sheriff returned said execution wholly unsatisfied on February 4, 1891. On the same day the appellant obtained an order to examine the respondent in proceedings supplementary to execution, which was granted by the county judge of Cortland county. This order was served upon the respondent, who appeared before a referee appointed to take his examination. The order also forbade the respondent from "making or suffering any transfer or other disposition or the interference with the property of R. Burns Linderman, the judgment debtor, or in which he has any interest, legal or equitable, and not exempt from levy and sale on execution until further directions in the premises." The respondent was examined before such referee, and the examination was adjourned from time to time until the 26th of February, when the appellant obtained an order from said county judge requiring the respondent to show why he should not be punished for contempt in disobeying the injunction contained in the order for the examination of the judgment debtor. On the return of such order the respondent appeared, and filed a verified answer denying the contempt. The

appellant then obtained an order from the judge referring the matter to W. D. Tuttle, Esq., as a referee to take the proofs, hear the allegations, and report the same to the court, with his opinion as to whether the respondent was guilty of the alleged contempt. In pursuance of this order the referee took the evidence, and reported the same to the court, with his opinion thereon, which was to the effect that the respondent was not guilty of contempt. The respondent, upon the evidence, affidavits, and proceedings, then made application to the county judge to be discharged and acquitted of the alleged contempt, and for costs. Upon such application the appellant appeared, and asked the judge to consider the whole matter as if no report had been made by the referee, which the judge proceeded to do, and made findings of fact and conclusions of law at appellant's request. Among others, the judge found the following facts: "(4) That on or about October 3, 1890, defendant's father, D. V. Linderman, died, leaving an insurance upon his life, of which $1,500 was made payable and belonged to defendant. (5) That on or about the 15th day of October, 1890, the defendant herein assigned and transferred all right, title, and interest in the insurance policy of $2,000 on his father's life to his wife, Emma B. Linderman. (6) That on or about the 15th day of October, 1890, the defendant was indebted to the said Emma B. Linderman, and that he assigned his interest in said insurance policy and the money due thereon to her in payment of the debt which he owed her. (7) That upon the 6th day of February, 1891, the said $1,500 had not been paid by the insurance company, nor received by the defendant. (8) That upon the 6th day of February, 1891, the order in supplementary proceedings marked, 'Ex. A, April 9th, 1891, W. D. T., referee,' was served upon the defendant. (9) That upon the 18th day of February, 1891, the defendant received by check from the said insurance company, through its agent, the sum of $1,500, being the life insurance in said policy made payable to the defendant, and that the money from said check was passed to the credit, in the bank, of Emma B. Linderman. That at that time the defendant was not entitled to or did not own said money which was then due from the insurance company on the life of his father, but that at that time said money was the property and belonged to the said Emma B. Linderman. (10) That for about a year and a half prior to the death of the said D. V. Linderman, said Emma B. Linderman paid the premium on the insurance of said $2,000, and had possession of the policy. That the same had been assigned and delivered to her by the said defendant and his father, and she had possession of it; and the avails thereof, at the death of said Linderman, to the extent of $1,500, were payable and to be applied on this indebtedness to her, in accordance with an assignment to her previously made. (11) At the request of the plaintiff's attorney I further find as a matter of fact that upon the return of the motion in these proceedings, dated May 19, 1891, the attorney for the plaintiff requested the court to return all the proceedings had before the referee, William D. Tuttle, Esq., to said referee, with instructions that he find the facts upon which he based his decision and report in these proceedings." As a conclusion of law the judge held "that the defendant, R. Burns Linderman, is not guilty of contempt or violation of the order of February 4, 1891, as alleged and set out in the order to show cause and affidavit on which the order was granted." He also directed that an order should be entered in accordance with such finding, and that the defendant should have $10 costs of his motion and his disbursements in the proceeding, and the disbursements were allowed as follows: Referee's fees, $30; witnesses fees, $3.96; serving notice of motion, $2; amount, $35.96. From this order plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*G. M. Stoddard* and *S. D. Halliday,* for appellant. *T. E. Courtney,* for respondent.

MARTIN, J. The basis of the alleged contempt was that the respondent had refused to obey the injunction order, in that on the 18th day of February, 1891, he received from the Mutual Relief or the Rochester Mutual Insurance Company the sum of $1,500 in money, and on the same day disposed of the same by paying the whole thereof to his wife. The order appealed from should not be disturbed on the ground that the facts as found by the learned county judge were not sustained by the evidence. An examination of the appeal book shows that the evidence was sufficient to justify the findings made. Assuming the facts as found, it becomes quite manifest that the respondent was not guilty of contempt in receiving the check from the insurance company, indorsing it, and procuring the same to be placed to the credit of his wife at the bank. If, as was found, the $1,500 thus credited and received upon the policy did not belong to the respondent, but was the property of his wife, there was no violation of the injunction order. In *Beard* v. *Snook*, 47 Hun, 158, this court held that, to support a conviction for contempt in disobeying an injunction restraining the transfer of property in proceedings supplementary to execution, it must be proved that the title to the property transferred was in the accused. The same doctrine was again held in *Duffus* v. *Cole*, (Sup.) 15 N. Y. Supp. 370. We think the order of the judge denying the appellant's application to punish the respondent for contempt was proper, and should be upheld. We find no error in the award of costs against the appellant. Costs were in the discretion of the judge. On the application of the appellant the judge granted an order to show cause why the respondent should not be punished for contempt. On its return, on motion of the appellant, the judge referred the issue made by the respondent's answer to a referee, in the face of the respondent's objection. Thus the motion and reference were made and had on the appellant's application. He failed in both. The court then allowed the respondent $10 costs of the motion for his discharge, the disbursements arising from the hearing before the referee in the proceeding for contempt, and $2 for serving notice of motion. Under these circumstances, we fail to discover any abuse of discretion on the part of the learned county judge. The order should be affirmed. Order affirmed, with $10 costs and disbursements. All concur.