(17 App. Div. 540.)

## In re DURYEA.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—DISOBEDIENCE OF RESTRAINING ORDER.

A third person, who was examined in supplementary proceedings, cannot be punished for paying over money in violation of a restraining order served on him, unless it is shown that such money belonged to the judgment debtor.

2. SAME—OWNERSHIP OF MONEY.

An attorney, examined as a third person in supplementary proceedings, stated that he held money to the credit of an action which he conducted as attorney for the judgment debtor, who was plaintiff therein; but he did not say that the money belonged to the judgment debtor. The only other evidence as to the ownership of the money was that the judgment debtor and his wife, after the examination, assigned the money to the person to whom it was paid, and that the judgment debtor had assigned his interest in the action to his wife before the judgment therein was entered. *Held*, that a violation by the attorney of an order restraining him from paying over any money belonging to the judgment debtor was not shown.

Appeal from special term, New York county.

Application by Charles H. Duryea, as assignee of Duryea, Watts & Co., Limited, a judgment creditor, for the examination in supplementary proceedings of Jacob Fishback, a judgment debtor. From an order denying a motion to punish one Bullowa for contempt, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

L. B. Bunnell, for appellant.

F. E. M. Bullowa, for respondent.

PATTERSON, J. On the 22d of January, 1897, an order of a justice of the supreme court was made, by which one Bullowa was required to attend and submit to an examination as a third party, alleged to have in his possession money or property of a judgment debtor. The order was returnable on the 25th day of January, 1897, and it contained an injunction against Bullowa, restraining him from parting with any property of the judgment debtor until the further order of the court. Mr. Bullowa attended, and upon his examination swore that he then had a sum of $285, to the credit of an action in which the judgment debtor referred to was plaintiff, and which amount was part of the recovery in that action. Mr. Bullowa did not swear that the money belonged to the judgment debtor. No order was made after the examination of Bullowa, except that in February, 1897, a receiver of the judgment debtor was appointed. He qualified on the 23d of February, and thereafter made a personal demand on Bullowa for the money above mentioned. That demand was not complied with. Before the demand was made, and on the 5th day of February, 1897, Bullowa had paid the $285 to one Blaut, who held a power of attorney from the judgment debtor and his wife, the judgment debtor having on June 9, 1896, assigned his interest in the recovery, out of which the money arose, to his wife. The real question here is whether Bullowa disregarded and disobeyed the order of Janu-

ary 22, 1897, and disposed of the money contrary to that order. It is plain that, if the money were not that of the judgment debtor, there could have been no disobedience of the order, and it was incumbent upon the moving party here to show that the money which Bullowa paid over on the 5th of February belonged to the judgment debtor. It appears that this money was received in payment of judgments recovered by the judgment debtor against a corporation, and, before these judgments were entered, all of the interest and right of the judgment debtor therein was assigned to his wife. There was apparently, therefore, a right and title in the wife to the money. Bullowa was the attorney who conducted the actions in which the recoveries were had. According to his showing, he did not, contrary to the restraint of the injunction, part with any money belonging to the judgment debtor. If the transfers from the judgment debtor to his wife were fraudulent and colorable, that matter cannot be tried in this proceeding. It was not shown that the money belonged to the judgment debtor, or that the court could have made an order requiring the payment of the money to a receiver of the judgment debtor's property, and, for the lack of such proof, the court below was right in denying the motion to punish Bullowa for the alleged contempt of the order of January 22, 1897.

Order affirmed, with costs. All concur.