THEODORE W. STEMMLER and FRANKLIN A. STEMMLER, Respondents, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*New York city — claim against it, under chapter 543, Laws of 1894, for the unpaid salary of a District Court judge — what is not a sufficient compliance with the act.*

In the enforcement of a claim under chapter 543 of the Laws of 1894, authorizing the board of estimate and apportionment of the city of New York to ascertain and determine the amount of the unpaid salary belonging to one Stemmler, as a justice of the District Court in the city of New York, from January 1, 1870, to October 15, 1873, the claimant must allege and prove that every provision of the act has been strictly complied with.

The mere insertion in the tax levy of 1895 by the board of estimate and apportionment of a provision auditing and allowing the claim at a certain sum, does not, in the absence of any certificate of such board that the salary had not been paid, or as to the amount of the salary for the period mentioned, and in the absence of evidence that such certificate, with the proofs, were filed in the

office of the comptroller, constitute a compliance with the requirements of that act.

*Semble,* that, under such action of the board of estimate and apportionment, the claimant would not be entitled, in any event, to recover more than the sum specified by that board, and would not be entitled to interest thereon.

APPEAL by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of March, 1898, upon the decision of the court, rendered after a trial at the New York Trial Term, before the court without a jury, with notice of an intention to bring up for review upon such appeal the exceptions filed to such decision.

*Theodore Connoly,* for the appellant.

*Delos McCurdy,* for the respondents.

INGRAHAM, J.:

The complaint alleges that at a meeting of the board of estimate and apportionment of the city of New York, there was presented to the board, pursuant to chapter 543 of the Laws of 1894, the proofs required by section 1 of that act, and that "thereupon said board of estimate and apportionment of the city of New York, pursuant to said act, *ascertained* and determined that the amount of the unpaid salary belonging to said John A. Stemmler, as such justice of the District Court in the city of New York, from January 1, 1870, to October 15, 1873, at the rates fixed by law and paid to the justices of the other District Courts in said city for the same period, was the sum of $35,000, and audited and allowed the claim of the heirs of John A. Stemmler for salary of John A. Stemmler as justice of the Seventh Judicial District Court from January 1, 1870, to October 15, 1873, in pursuance of chapter 543 of the Laws of 1894, at the sum of thirty-five thousand dollars;" that thereafter the certificate of the board of estimate and apportionment, declaring the amount of unpaid salary belonging to John A. Stemmler, deceased, to be $35,000, and signed by all the members thereof, and the proofs presented to the board of estimate and apportion-

ment, as aforesaid, were filed with the comptroller in his office in the city of New York, and the action was brought to recover the said amount of $35,000, with interest.

The answer of the defendant admits that the board of estimate and apportionment ascertained and determined that the amount of the unpaid salary belonging to the said Stemmler was $35,000; but denies that the certificate of the said board, declaring the amount of unpaid salary belonging to the said Stemmler, and the proof presented to such board, had been filed with the comptroller of the city of New York, and alleges that the board of estimate and apportionment on December 31, 1894, included in the final estimate made for the year 1895, the following item: " Claim of heirs of John A. Stemmler, or their representatives, for the salary of John A. Stemmler, as justice of the seventh judicial district, from January 1, 1870, to October 15, 1873, audited and allowed in pursuance of chapter 543, Laws of 1894, at a sum not exceeding $35,000; " that no other provision has ever been made for and in respect to the payment of the plaintiff's claim; that the audit and allowance of the plaintiff's claim by the board of estimate and apportionment, if legally made and binding upon the defendant, is final and conclusive, and that the plaintiff can recover no further or other sum in excess of said $35,000 until further and other provision is made by action of the board of estimate and apportionment allowing a further and additional sum; and the defendant denies any knowledge or information sufficient to form a belief as to each and every allegation in said complaint contained, not above admitted or denied.

It is proper to call attention to the remarkable character of this act. The Legislature has, almost twenty-five years after the commencement of the term of this justice of a District Court, and almost twenty years after the term ended, imposed upon the city of New York a liability for the salary of said justice for the period during which he performed no service, and when the city had paid such salary to the person to whom the certificate of election had been awarded and who actually performed the service. During that period the city was bound to pay to the person declared elected and who performed the duties of the office the salary of the office. It had no part in determining who was elected; it acted for the State in collecting from the taxpayers the salary fixed by law and paying

it to the officer who actually held the office. This act compels the present taxpayers to pay this sum again to the heirs of the person who was not the incumbent of the office and who performed no service to the public. We think that, before the city of New York can be held liable in an action at law to recover the amount directed to be paid by this act, the plaintiff must allege and prove that every provision of the act has been strictly complied with.

The act imposes, first, a duty upon the board of estimate and apportionment of the city of New York. This board is authorized and directed to meet and ascertain the amount of said unpaid salary belonging to the said John A. Stemmler as said justice, at the rate fixed by law and paid to the justices of the other District Courts in the city for the same period, namely, the portion of the term for which he was elected prior to October 15, 1873, or any part of that time pending his contest for said office and while it was wrongfully occupied by one Joseph McGuire, which was to be established by a certified copy of the judgment of the Supreme Court declaring that Stemmler was duly elected to said office, and that the said McGuire usurped and unlawfully held such office during said period prior to October 15, 1873, and by a certificate from the comptroller of the city of New York that no part of the salary for said period had been paid to John A. Stemmler or his representatives. It is admitted in the answer that at a meeting of the board of estimate and apportionment of the city of New York there was presented to the board, pursuant to this law, the proof therein required ; and that, pursuant to said act, the board ascertained and determined that the amount of unpaid salary belonging to the said Stemmler from January 1, 1870, to October 15, 1873, was the sum of $35,000. The act further provided that " the said comptroller, upon such certificate and proofs aforesaid being filed in his office, shall pay the amount of the said unpaid salary, with lawful interest thereon from the day last aforesaid, to the heirs of the said John A. Stemmler or their representatives." The complaint alleges that the certificate of the board of estimate and apportionment " declaring the amount of said unpaid salary belonging to said John A. Stemmler, deceased, to be thirty-five thousand dollars, and signed by all the members thereof, and the proofs presented to said board of estimate and apportionment as aforesaid were filed with said comptroller in his office in

the city of New York." This allegation is expressly denied in the answer, and we think that there was no evidence to sustain it.

The plaintiffs proved by the clerk of the board of estimate and apportionment that he (the clerk) had with him the record of that board, which contained the final estimate for the year 1895, made December 31, 1894, which book he produced. From that was read, as a part of such final estimate, a provision that the claim of the heirs of the said Stemmler for his salary as such justice from January 1, 1870, to October 15, 1873, was audited and allowed in pursuance of chapter 543 of the Laws of 1894, at a sum not exceeding $35,000, and that this final estimate was adopted by the unanimous vote of the board. There was also read from the same record a copy of the judgment of the Supreme Court which determined that Stemmler was entitled to the office, but there was no evidence to show that the provision for the final estimate for the year 1895 or that this judgment was on file in the office of the comptroller. The witness, on being asked whether it was on file in the comptroller's office, says that he thinks it was referred to the comptroller, but could not say what was done with it. He subsequently testified that the record produced by him did not come from the comptroller's office; that it came from the office of the board of estimate and apportionment. From such record was also read the statement that at a prior meeting of the board Delos McCurdy presented papers in the matter of the claim of John A. Stemmler for salary as justice of the Seventh District Court, and that the mayor moved that they be referred to the comptroller and counsel to the corporation, which was adopted, and the witness then says that he does not remember who took the papers. He says he thinks they were sent to the comptroller, but he is not sure. There was further evidence from the same record introduced to show that there was presented to the board a certificate of the comptroller that no part of the salary of the justice of the District Court in the city of New York had been paid to Stemmler or his representatives for any portion of the term of said office prior to May 1, 1873. Counsel to the corporation then objected to the reading of the paper upon the ground that it did not meet the requirements of the statute. It was, however, received by the court, and to that the defendant excepted. It was subsequently admitted that these

papers were submitted to the board of estimate and apportionment and handed to the comptroller when thus referred, as a member of the board of estimate and apportionment; but there was no admission and no proof that the papers were ever filed in the office of the comptroller. There was evidence subsequently offered of an unexpended balance of appropriations in 1895, and that on the 31st day of July, 1894, the date of the demand upon the board of estimate and apportionment, the unexpended appropriations in the city treasury amounted to upwards of $222,000. And then with a calculation of interest on the $35,000 to January 1, 1896, the court directed a verdict for the full amount, viz., $85,994.86.

There is no evidence that the board of estimate and apportionment, or a majority of the members thereof, certified that no portion of said salary had been paid to Stemmler, or that they certified the amount of salary for said period; nor is there any evidence that such certificate, with the proofs aforesaid, was filed in the office of the comptroller. There is evidence that the said board, in making up the final estimate for the tax levy for the year 1895, included therein the claim of the heirs of Stemmler, and audited and allowed such claim, in pursuance of the act of 1894, at a sum not exceeding $35,000; but this seems to have been in pursuance of section 2 of that act, which provides that, if necessary, the amount of the payment made by the comptroller was to be inserted in the tax levy for the following year. The statute imposed a duty upon the board of estimate and apportionment. It was required to meet and ascertain the amount of the unpaid salary belonging to Stemmler as such justice at the rate fixed by law for the period named, and then, upon the certificate of the said board that no part of said salary had been paid to Stemmler or to his representatives, which certificate was also to fix the amount of salary for such period, the comptroller, upon such certificate and proofs being filed in his office, was to pay the amount of the unpaid salary. This obligation upon the comptroller to pay this sum of money does not arise until such certificate should have been made by said board or a majority of the members thereof, and such certificate and proofs submitted to the said board should have been filed in the office of the comptroller. We do not think that the insertion in the tax levy for 1895, by the board of estimate and apportionment, of a provision auditing and allowing the claims

of the heirs of John A. Stemmler at a sum not exceeding $35,000 is a compliance with the provisions of this act. The 1st section of the statute has no relation to the act of the board of estimate and apportionment in preparing the tax levy for the year 1895. The duty was imposed upon such board of ascertaining upon proofs, the nature of which proofs was indicated, certain facts; and upon those facts being ascertained by the board, it was then directed to embody the result in a certificate, and upon such certificate, with the proofs upon which the board acted, being filed in the office of the comptroller, the latter was directed to pay the amount of the said unpaid salary with lawful interest thereof. An audit of the claim against the city by the board of estimate and apportionment as part of a tax levy for a subsequent year was not such a certificate. This audit did not certify that the salary had not been paid to Stemmler or his representatives, nor did it certify the amount of the salary for the period. It simply audited and allowed a claim against the city for an amount not exceeding $35,000. The utmost that could be claimed was that there was an audit of a claim against the city, but it did not purport upon its face to audit or adjust the claim at that amount. Upon such audit the plaintiffs would not be entitled to recover more than the amount audited and allowed, which was not to exceed $35,000, yet this judgment allows against the city a claim of upwards of $86,000. If the audit of the city is relied upon to sustain a cause of action against the defendant, the claim must be confined to the amount of the audit, which was not to exceed $35,000. This amount must have been intended to include interest, as the total salary for the period would have been not more than $22,000. The resolution of the board of estimate and apportionment fails to certify to the facts which the board were required to ascertain and certify, but even if this resolution were a sufficient certificate under the statute, as there was no evidence that the certificate or the proofs required to be furnished before the board of estimate and apportionment were ever filed in the comptroller's office, no obligation arose upon the comptroller to pay.

We think, therefore, that the evidence fails to show that the provisions of the statute were complied with, or that there was any liability of the city; and as, for the reasons before stated, this judgment must be reversed, it is not necessary for us now to determine

the other points taken by the counsel to the corporation. The question as to the constitutionality of this act is not free from doubt. Nor do we wish to be understood as intimating an opinion that, even upon the necessary certificates being filed, a cause of action arose against the city in favor of the plaintiffs under the statute. We place our reversal of the judgment upon the fact that, as the statute had not been complied with, no obligation of the city or of the comptroller to make any payment under the statute accrued.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.