(*Superior Court of Cook County.*)

## Silverstein, for use of Brewer and Company

### vs.

## Fred Gresheimer.

(1900.)

1. ASSIGNMENT OF CHOSES IN ACTION AT COMMON LAW. At common law a chose in action, unless a negotiable instrument, was not assignable, unless the debtor assented to the assignment and promised to pay the assignee.
2. SAME—MODERN RULE. Under the modern authorities the general test as to whether a chose in action is assignable is whether or not it would survive and pass to the personal representatives of a decedent assignor if no assignment had been made. If it would so survive, it may be assigned so as to pass the interest assigned to the assignee; if it does not so survive, it is not assignable either at law or in equity.
3. UNEARNED WAGES—VALIDITY OF ASSIGNMENT OF. Although the authorities are conflicting as to whether or not unearned wages may be assigned so as to be recoverable in an action at law, the better doctrine is that except as to wages actually due at the time of the assignment, such an assignment is an attempt to transfer a mere possibility of future earnings, and therefore as to such future earnings is not an existing chose in action.

Judgment for plaintiff, motion for new trial granted. Heard before Judge Jesse Holdom.

For statement of facts see opinion.

*Geo. Webster* and *G. E. Burley,* for plaintiff.

*B. M. Shaffner* for defendant.

HOLDOM, J.:—

This is an action originally instituted before a justice of the peace upon an assignment by one Silverstein of his weekly wages of twenty-five ($25) dollars to Brewer & Company, said wages to be thereafter earned from the defendant Gresheimer, in whose employment he was under a verbal contract from week to week, the consideration for such assignment being a loan from Brewer & Company to Silverstein of one hundred

and thirty-five ($135) dollars. The cause comes to this court on appeal.

A trial before the court and a jury resulted in a verdict for the plaintiff, and the case is now before the court on a motion for a new trial made by the defendant.

The evidence tends to show that Brewer & Company served defendant with a copy of the contract of assignment, but that defendant refused to accept the same, or to acknowledge that it had any binding effect upon him. Neither at the time of the making or delivery of the assignment by Silverstein to Brewer & Company was there any wages due Silverstein from Gresheimer, but on the contrary it is claimed and not disputed, that Silverstein was then overpaid in the sum of seventy-one ($71) dollars. Gresheimer ignored the assignment and Silverstein continuing in his employment, he paid him his wages regularly.

At common law a *chose* in action, except negotiable instruments, was not assignable, unless the debtor assented to the assignment and promised to pay the assignee, in which case an action might be maintained by the assignee on the express promise of the debtor to pay. 2 Black Com., 442; 2 Chitty on Contracts, 1357 (11th Am. Ed.); *McKinney v. Alvis,* 14 Ill. 33; *Olds v. Cummings,* 31 Ill. 188.

This rule of law has in these modern times, conforming to changed conditions, been much modified, so that the common law rule in its entirety now no longer prevails.

The general test to be applied in determining the assignability of a *chose* in action is whether or not it would survive and pass to the personal representatives of a decedent assignor if no assignment had been made. If it would so survive it may be assigned so as to pass the interest assigned to the assignee; if it does not so survive, it is not assignable either at law or in equity.

See cases, note 4, on page 1017 Am. & Eng. Ency. Law, second edition.

Applying this test to the assignment in the case at bar it is clear that it was not effective or binding upon the defendant.

The authorities as to whether or not unearned wages may be

assigned so as to be recoverable in an action at law in a juris-diction where the distinction between law and equity prevails are conflicting. I am, however, inclined to hold to what I consider the better doctrine enunciated in the case of *Lightbody v. Smith,* 125 Mass. 51, that except as to wages actually due at the time of an assignment, such an assignment is an attempt to transfer a mere possibility of future earnings and therefore as to such future earnings is not an existing *chose* in action.

Justice Cooley in *Kane v. Clough,* 36 Mich. 436, held to the doctrine announced in *Lightbody v. Smith,* and inferentially decided that where an action could not be maintained on an assignment of demands having no actual existence at the time of the assignment, resort might be had to equity after the demands intended were subsequently brought into existence. This rule of law would be fatal to a recovery in this cause on the law side of the court, where we find it.

The verdict will therefore be set aside and a new trial granted.

NOTE.

In *Mallin v. Wenham,* 209 Ill. 252, affirming 103 Ill. App. 609, it was held that an assignment of wages to be earned under a subsisting employment is valid and enforceable, if made in good faith and for a valuable consideration, even though the employment is for an indefinite time.—Ed.