### BRODERICK v. ARCHIBALD et al.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

HUSBAND AND WIFE—CONTRACTS—PIN MONEY—LIABILITY TO RETURN—SUP-
PLEMENTARY PROCEEDINGS.

Where a wife received and expended money given her by her husband under an agreement made in good faith, by which she was to receive five dollars per week while she should do her housework without the assistance of a house girl, she could not be compelled by summary order to pay over money so received and spent by her to the receiver of the property of her husband, a judgment debtor, since such circumstances were not within Code Civ. Proc. § 2447, authorizing such an order only where the judgment debtor has in his possession or under his control money or other personal property belonging to him, or personal property, capable of delivery, his right to the possession whereof is undisputed, is under control or in possession of another person.

Goodrich, P. J., dissenting.

Appeal from special term.

Action by Matthew A. Broderick against Merritt L. Archibald, defendant, and Camille E. Archibald, his wife, third party. From a refusal to modify an order directing Camille E. Archibald to pay $150 to a receiver for the husband's property, she appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

F. X. Donoghue, for appellant.
Ralph Earl Prime, Jr., for respondent.

HIRSCHBERG, J. The record contains no testimony but that of Camille E. Archibald, the appellant, who was examined as a witness in supplementary proceedings against the judgment debtor, who is her husband, and also as a third party. She testified to payments made to her by him prior to the recovery of the plaintiff's judgment in discharge of certain indebtedness. She further testified that she had also received from him prior to such recovery the sum of $150. This, she stated, was paid to her as wages at the rate of $5 per week for 30 weeks from January 1, 1900, during which time she was without a domestic, and did all the household work herself. She characterized the wages as "pin money," by which, she said, "I mean any little money a wife receives for her little expenses." The effect of her testimony is that her husband agreed to make her an allowance of five dollars a week, to be given her for her own personal use during the period in which she was without a girl and was compelled to do the housework. We are not concerned with the legality of the contract, or with the question whether it could have been enforced. It was fully executed on both sides. It has never been held to be unlawful for a husband to support his wife, or, as between themselves, for him to give her money to use for that purpose. No element of fraud as against creditors is presented or suggested. But the theory of the original order made by the learned city judge was that the contract, being one for payment by a husband to his wife for her services, was wholly void, and that, therefore, the situation was the same as though she was now in possession of his money to the extent of the void payment. As a matter of fact, the appellant, as she testified, had spent all the money in question before the service of the papers in this proceeding, and the only question presented on the appeal is whether the judge had any authority, under such circumstances, to compel a wife by summary order to pay over money so received and spent by her, or suffer the consequences of being in contempt. We find no justification for the order. Section 2447 of the Code of Civil Procedure does, indeed, authorize the judge by whom an order or warrant is granted in supplementary proceedings, or to whom it is returnable, to make an order directing the judgment debtor, or other person, to pay money or deliver articles of personal property to a receiver; but that is only, as recited in the section, "where it appears, from the examination or testimony taken in a special proceeding authorized by this article, that the judgment debtor has,

in his possession or under his control, money or other personal property, belonging to him;. or that one or more articles of personal property, capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person." Whether this means to cover the case of money in the hands of a third person might well be questioned, but there can be little doubt that it can only apply to such specific funds as may still remain in the possession or under the control of the third person, and as such would be embraced within the description of "articles of personal property, capable of delivery." It can have no possible application to the case of a wife who has received and expended money which her husband has given her pursuant to an arrangement made in good faith, and free from fraud, whether legally enforceable as a contract or otherwise. If the circumstances create a liability on the part of the wife to make good the amount to or for the benefit of creditors, such liability can only be enforced by action; as was done in Conger v. Corey, 39 App. Div. 241, 57 N. Y. Supp. 236. The case of Davis v. Briggs (Sup.) 5 N. Y. Supp. 323, is cited as opposed to the appellant's contention. The agreement in that case was held to be void upon its face, and, moreover, the operation of the decision appears to have been strictly limited to the funds still in the hands of the third person at the time of the granting of the order. In Bauer v. Betz, 41 Hun, 645, also cited, the controversy related to specific personal property, viz. government bonds of the United States, and an order refusing to require their delivery to the receiver was affirmed. Manifestly, what was said about the power of the court to order the payment of money by a third person was not germane to the case. And in Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225, an order directing the payment of money by a third person to a receiver in supplementary proceedings was reversed by the appellate division. It therefore appears that no case, so far as our attention has been called to the authorities, supports the order in question, unless it be Davis v. Briggs, supra, and, if that decision goes beyond the limitation herein suggested, we do not deem it well advised, in view of the clear and precise language of section 2447 of the Code of Civil Procedure.

The order, so far as it refuses to grant the appellant's motion to modify the prior order by striking out the provision directing payment by her to the receiver, should be reversed, upon the law and facts, with $10 costs and disbursements, and the appellant's motion should be granted to that extent, with costs. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. (dissenting). I cannot concur in the conclusion at which my associates have arrived, and for these reasons: It appears that among other moneys paid by the husband to the wife she had received $150 in August, 1900. She testified that this money was paid to her as wages at $5 per week for the preceding 30 weeks. Afterwards she testified that it was given to her as pin money. I think it fairly deducible from her testimony that.

she still has this money in her possession. The court appointed a receiver, and directed Mrs. Archibald to pay that sum over to him. She appeals from the order upon the contention that section 2447 of the Code of Civil Procedure does not authorize such an order. That section reads as follows:

"Where it appears, from the examination·or testimony taken in a special proceeding authorized by this article, that the judgment debtor has, in his possession or under his control, money or other personal property, belonging to him; or that one or more articles of personal property, capable of deliv-ery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person; the judge, by whom the order or warrant was granted, or to whom it is returnable, may, in his discretion, and upon such a notice, given to such persons, as he deems just, or without notice, make an order, directing the judgment debtor, or other person, immediately to pay the money, or deliver the articles of personal property, to a sheriff, designated in the order, unless a receiver has been appointed, or a receivership has been extended to the special proceeding, and in that case to the receiver."

There is no question that, if the money was in the possession or under the control of the judgment debtor, the order was proper; but it is contended that, as it was not in his possession, or under his control, but in the possession of his wife, the order was not proper, and that the plaintiff must resort to an action against the wife. But I think the section authorizes the order, both as to money and other personal property, where there is no substantial dispute as to ownership. In Davis v. Briggs (Sup.) 5 N. Y. Supp. 323, where money was paid by a judgment debtor to a third party under a void agreement, the general term of this department ordered the payment to the judgment creditors. I find no case in which the authority of this decision upon this point has been questioned. In Bauer v. Betz, 41 Hun, 645, a similar conclusion was reached by the general term of the First department. In Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225, the appellate division of the First department held inferentially that it was only where there was a substantial dispute as to the ownership that the parties could be relegated to an action, and reversed an order directing the payment of money, solely on the ground that there was a substantial dispute. This brings me to the question whether there was any substantial dispute about the possession, and this includes the question of the right to the possession of the money. The evidence shows that just before the recovery of the plaintiff's judgment against the defendant the latter paid to his wife upwards of $1,100, of which she claimed $150 was due her, and was paid her for her services rendered in the household for 30 previous weeks at $5 per week. She testified that of the whole amount paid to her she had $300 or $400 at her home, where she resided with her husband. This $150 did not be-long to her. It was paid to her under a contract which was clearly void, and it could be reached by the creditors of the husband. Con-ger v. Corey, 39 App. Div. 241, 57 N. Y. Supp. 236. It was the money of the husband, and, being at the home of the husband·and wife, was in his possession as much as it was in hers. The design of the Code was to provide a summary remedy for reaching and applying the funds of a judgment debtor to the payment of a judg-

ment against him. It was not necessary to enact such a statute to enable the creditor to reach the funds by an action either by himself or a receiver. Such a right of action existed at common law. The section provided an additional and specific remedy, and, in my opinion, applies to a case like the present. The husband's right to the possession of the money in question is not "substantially disputed" by any testimony presented in the record, and the creditor should not be compelled to resort to an action to reach the funds, where, as in the present case, the debtor's ownership is clear and undisputed. I think that the order should be affirmed.