(68 App. Div. 318.)

## HOLMES et al. v. O'REGAN.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. CONTEMPT—RECEIVER—SUPPLEMENTARY PROCEEDINGS—TITLE TO PROPERTY—DETERMINATION.

Where, on a motion to punish a judgment debtor for contempt for interfering with the receiver in supplementary proceedings by collecting and retaining money under a contract, defendant claims, and all the direct evidence tends to show, that he was then, and for years had been, acting simply as agent for his wife, and that the money belonged to her, the motion should be denied, since the title to property could not be determined in such summary proceedings.

2. SAME—ORDER OF COURT.

Where a judgment debtor, after the appointment of a receiver in supplementary proceedings, receives money which he refuses to deliver to the receiver, an order requiring such delivery should be obtained before instituting proceedings for contempt.

3. SAME—INJUNCTION ORDER—EVIDENCE—ASSUMPTION—APPEAL.

Where, on a motion to punish a judgment debtor for contempt for receiving and refusing to turn over money after the appointment of a receiver in supplementary proceedings, there is no evidence that an injunction restraining him from collecting it was ever made, the existence of such order cannot be assumed on appeal from an order denying such motion.

Appeal from Kings county court.

Action by William K. Holmes, Jr., against Charles O'Regan. From an order denying a motion to punish defendant for contempt of court for interfering with the receiver appointed in supplementary proceedings, the plaintiff and receiver appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William W. Wingate, for appellants.

Luke D. Stapleton (George J. O'Keefe, on the brief), for respondent.

HIRSCHBERG, J. The acts for which it is sought to punish the defendant, a judgment debtor, is the receiving by him of the sum of $1,900 from the United States government, after the appointment and qualification of the receiver, and his refusal to pay the money over to the receiver upon demand. The money was paid under a government contract, which the defendant claims belongs to his wife; the business connected with it being transacted by him as her agent. Whatever suspicion may attach to the defendant's claim by reason of the relationship and other considerations, it is clear that the title to the money is fairly in dispute. The defendant executed a written bill of sale of his business to his wife some years before the dealings out of which this action arose, and all the direct evidence before the court is to the effect that since then she has carried on the business with her own property and means, the defendant acting as her agent merely. The defendant testified on his examination in the supplementary proceedings that the money in question belonged to her, and she now makes affidavit to the same effect, and also to the effect that the property for which the

money has been paid, and which was sold to the government, was her property, purchased with her money. The order appealed from was made upon the ground that the title to the property could not be determined in a summary manner, and it may well be supported on that ground. See Waldron v. Walker (Sup.) 18 N. Y. Supp. 292; Rodman v. Henry, 17 N. Y. 482; Barnard v. Kobbe, 54 N. Y. 516; Schrauth v. Bank, 86 N. Y. 390; In re Duryea, 17 App. Div. 540, 45 N. Y. Supp. 703. In some of these cases, and others which might be cited, it is held that the receiver's remedy is by action. See Broderick v. Archibald, 61 App. Div. 473, 70 N. Y. Supp. 617, and cases cited.

But it is questionable, in any event, whether the defendant could be punished for contempt in not paying the money to the receiver in the absence of any order requiring him to make the payment. Tinkey v. Langdon, 60 How. Prac. 180. Moreover, the respondent denies personal knowledge of the appointment of the receiver, and no proof to the contrary appears. The learned counsel for the appellants claims that the defendant was chargeable with contempt for violating the injunction order assumed to have accompanied the supplementary proceedings. If the defendant had been enjoined from collecting or interfering in any way with the money in question, it may be that the court could have punished him for such disobedience, although the application is not in terms addressed to that offense. But there is no evidence in the record that such an injunction order was ever made, and, however common and usual such an order may be, its existence cannot be assumed, especially as the basis for a reversal.

The cases cited by the appellants are distinguishable on both points. People v. Kingsland, *42 N. Y. 325, and Jackson v. Murray, 25 App. Div. 140, 49 N. Y. Supp. 195, were cases of the violation of injunction orders relating to property which belonged to the judgment debtors; while In re Weld, 34 App. Div. 471, 54 N. Y. Supp. 253, was an appeal from an order directing the judgment debtor to pay over to the receiver money which belonged to the former and was under his control. The order should be affirmed.

Order of the county court of Kings county affirmed, with $10 costs and disbursements. All concur.