(72 Misc. Rep. 339.)

## HIRSCHBERG v. CHIC DRESS CO.

(Supreme Court, Appellate Term. June 29, 1911.)

1. ASSIGNMENTS (§ 78*)—WAGES—FUTURE EARNINGS.

An assignment of wages to be earned in the future is at most an executory agreement to transfer them when earned, and creates no lien thereon, except when and as they come into existence by being earned.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 145; Dec. Dig. § 78.*]

2. FRAUDULENT CONVEYANCES (§ 43*)—ASSIGNMENT BY HUSBAND TO WIFE—UNEARNED WAGES—VALIDITY.

An assignment of a judgment debtor's unearned wages to his wife is invalid as against his creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 98; Dec. Dig. § 43.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sigmund Hirschberg against the Chic Dress Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Henry A. Blumenthal, for appellant.

Benjamin F. Kraft, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. Action to recover $49.91 due from the defendant, as employer, to a judgment debtor, named Simon Levy, as its employé, as and for his wages accrued after the rendition of his judgment on June 6, 1910. On June 4, 1910, two days before the rendition of the judgment and a number of days before the issue of the execution under section 1391, the judgment debtor assigned to Nellie Levy, his wife, "all moneys due me which have accrued or may hereafter accrue by reason of my earnings, wages, or salary from the Chic Dress Company." Since June 1, 1910, $20 a week has been paid by defendant to judgment debtor's wife pursuant to such assignment.

[1] "An assignment of wages to be earned in the future is, at most, an executory agreement to transfer them when earned. It creates no lien on them, except when and as they come into existence by being earned." In re Lineberry (D. C.) 183 Fed. 339, 340.

[2] In Re Black, 138 App. Div. 562, 123 N. Y. Supp. 371, it was held that a judgment debtor, having legal title to wages or salary, may not disobey an order for his examination in supplementary proceedings, by transferring them to his wife by virtue of a prior assignment of all his future wages until all his debt to her should be paid. The court says (138 App. Div. 564, 123 N. Y. Supp. 373) :

"An assignment of something which has no present, actual, or even potential existence when the assignment is made does not operate to transfer the legal title to that thing when it does come into existence. Field v. Mayor, etc., 6 N. Y. 186 [57 Am. Dec. 435]; McCaffrey v. Woodin, 65 N. Y. 459 [22 Am. Rep. 644]. Such an instrument, if made in good faith for a valuable consideration, and not void as against public policy, operates as an executory contract to transfer such after-acquired property, and creates an equitable lien thereon. * * * But the legal title remains in the assignor. Hovey v. Elliott, 118 N. Y. 124, 136 [23 N. E. 475]."

See, also, Cooper v. Douglass, 44 Barb. 410, 416, 417.

Appellant's authorities from other states, whose homestead and other exemptions from execution and whose garnishee policy differs from our own public policy, partly depend upon the different public policy of those states, and partly upon the fact that under the laws of some states, if one of the debtor's creditors, as well as his employer, accepts an assignment of future wages in absolute payment of a debt, another creditor is not in a position to question it.

Judgment affirmed, with costs. All concur.