BENJAMIN FINELBATT, Plaintiff, *v.* GIANT LAUNDRY, INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, November 22, 1932.

*Dwyer & Redfield* [*Emanuel Redfield* of counsel], for the plaintiff.

*E. Allen Jacobs*, for the defendant Giant Laundry, Inc.

DINEEN, J. Originally the plaintiff sued for $60. At the trial on consent the amount claimed by the plaintiff was increased to $98.91. The plaintiff on the 6th day of September, 1930, obtained a judgment against Louis Leibowitz, one of the defendants in this case, in the Municipal Court, Ninth District, Manhattan, for the sum of $185.76. At that time Louis Leibowitz was employed by the Giant Laundry, Inc., the other defendant in this case, and a garnishee order directed to the Giant Laundry, Inc., was issued out of this court and the sum of $86.85 was paid by the defendant Giant Laundry, Inc., to the plaintiff in this action out of the wages of the other defendant, Louis Leibowitz. Some time in June or July, 1931, the defendant Leibowitz terminated his employment with the Giant Laundry, Inc., and resumed his employment with that company some time in October, 1931. Prior to the time that he

resumed employment with the Giant Laundry, Inc., Leibowitz made an assignment of all his wages to his wife which he served upon the defendant Giant Laundry, Inc., upon resuming his employment in October, 1931. The assignment was made to cover money that he owed to the family of his wife during the time that he was out of employment. On December 9, 1931, plaintiff again served a garnishee order directed out of this court on the defendant Giant Laundry, Inc., against the salary of Louis Leibowitz. That garnishee order has not been modified. The Giant Laundry, Inc., refused to honor this second garnishee order on the ground of the assignment made by Leibowitz to his wife. There is no dispute about the money due if the plaintiff is entitled to recover. It is the contention of the defendant that, during the existence of the assignment from Leibowitz to his wife, the Giant Laundry, Inc., was not obligated to honor the garnishee order.

In *Matter of Black* (138 App. Div. 562, at p. 564), Mr. Justice BURR, writing for the court, said: " An assignment of something which has no present, actual, or even potential existence when the assignment is made, does not operate to transfer the legal title to that thing when it does come into existence. (*Field* v. *Mayor*, etc. [*of City of New York*], 6 N. Y. 179, 186; *McCaffrey* v. *Woodin*, 65 id. 459.) Such an instrument, if made in good faith for a valuable consideration and not void as against public policy, operates as an executory contract to transfer such after-acquired property and creates an equitable lien thereon. * * * But the legal title remains in the assignor (*Hovey* v. *Elliott*, 118 N. Y. 124, 136), and at law that title is not transferred until either the equitable lien is enforced by judicial decree or some new act intervenes by which the assignor puts the assignee in possession thereof."

In the opinion of the court, after December 9, 1931, the assignor was in no position to transfer his complete salary to his wife by this assignment until ten per cent of his salary had been deducted, and the Giant Laundry, Inc., was obligated, before paying over this money to the wife of Leibowitz, to deduct the ten per cent as directed in the garnishee order of December 9, 1931.

Judgment for the plaintiff after trial for $98.91.