ELSIE H. DENNY, Plaintiff, v. BROWN, WHEELOCK, HARRIS, STEVENS, INC., and DUNCAN G. HARRIS, Defendant.*

Supreme Court, Special Term, New York County, September 29, 1941.

*Samuel Witte*, for the plaintiff.

*Isaac Gluckman* [*Isaac Gluckman* and *Stanley S. Casden* of counsel], for the defendants.

BERNSTEIN, J. This is a motion for summary judgment in favor of the defendants. The action arises out of an agreement between the plaintiff and her former husband, John Denny, entered into on January 22, 1936, while he was employed by the defendant Brown,

---

* Revd., 263 App. Div. 943.

Wheelock, Harris, Stevens, Inc., as a licensed real estate salesman on a commission basis. Pursuant to that agreement, John Denny assigned to the plaintiff certain percentages of his earnings to cover his alimony payments, and a copy of said agreement, with a letter calling attention to its provisions, was served on that defendant on April 25, 1940.

The complaint sets up two causes of action. In the first it charges said defendant and its president with having, since April, 1940, paid over to John Denny, by way of salary, income or emoluments then due or owing to him, the sum of $7,000, of which the plaintiff is entitled to one-half. In the second, it charges the corporate defendant alone with being indebted to John Denny, as a result of his consummation of some real estate deals on its behalf, in the sum of $20,000, of which the plaintiff is entitled to the sum of $6,600.

Apart from the fact that both defendants emphatically assert that John Denny never participated in any deals for them which were consummated, or from which he became entitled to commissions, for some years prior to April 25, 1940, it appears that his original employment by the corporate defendant terminated on November 23, 1938, and that between that date and June 19, 1940, he was employed by others. On the last-mentioned date he was again employed by the corporate defendant as a licensed real estate salesman, and is still so employed.

The validity of the assignment must be tested as of the date when notice thereof was given to the defendants, to wit, April 25, 1940. (*Jules-Wallace & Co., Inc.,* v. *R. A. Management, Inc.,* 148 Misc. 180.) At that time John Denny was no longer in the service of said defendants. As an assignment of future earnings, the assignment here became inoperative, under the authorities, when the original employment was terminated, and was not revived when the employment was subsequently resumed. (6 C. J. S. 1065; Restatement of Law, Contracts, § 154; *Matter of Black,* 138 App. Div. 562, 564; *Fineblatt* v. *Giant Laundry, Inc.,* 145 Misc. 889; *Lightbody* v. *Smith,* 125 Mass. 51; *Raulins* v. *Levi,* 232 id. 42; 121 N. E. 500.) It was not merely suspended on November 23, 1938, to be revived with and to attach to the new employment on June 19, 1940, but it ceased to have legal force for all time when the original employment ceased. Such an assignment is equally inoperative where it is made in the interim between a previous termination of the employment and a resumption thereof. (6 C. J. S. § 19, subd. d, p. 1065.)

Since the plaintiff, as a matter of law, cannot recover under the assignment set forth in her complaint, the motion for summary judgment is granted. Settle order.