WARREN V. NICKERSON & others *vs.* LILLIAN F. DOWD & others.

Barnstable. March 8, 1961. — April 27, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contempt. Equity Pleading and Practice,* Contempt proceeding, Appeal, Injunction. *Corporation,* "Lawful operation." *Attorney at Law. Words,* "Lawful operation."

An appeal to this court is a proper method of securing a review of an adjudication of civil contempt. [465]

The respondent in a contempt proceeding for violation of a restraining order granted in a suit in equity in a court having jurisdiction of the parties and the subject matter was not entitled in the contempt proceeding to challenge the validity of the order as having been granted contrary to G. L. c. 214, § 9. [467]

On the record of a contempt proceeding for alleged violation of a restraining order in a suit in equity, this court reversed a decree adjudging

the respondent, the owner of half of the capital stock of a corporation whose night club and bar business on premises leased from her had been closed, in contempt on charges that by certain acts she had disobeyed a provision in the order prohibiting her from "interfering with the lawful operation of" the corporation. [468–470]

In a contempt proceeding for alleged violation of a restraining order in a suit in equity prohibiting the respondent from "interfering with the lawful operation of" a corporation having a night club and bar business, a charge in the contempt petition, that a certain letter written by the respondent to selectmen and the Alcoholic Beverages Control Commission was in disobedience of the order in that the letter stated "in effect" that they had no right to issue a liquor license to the corporation and in that it was written "for the express purpose" of interfering with the conduct of the corporation's business, was not sustained by the contents of the letter. [470–471]

A restraining order in a suit in equity prohibiting a party "and her . . . attorneys" from prosecuting any "legal action for the purposes of hampering or dissolving the lawful operation of" a certain corporation was not to be construed as restraining that party's attorney from acting as counsel for other persons as petitioning creditors in a bankruptcy proceeding against the corporation. [471]

CONTEMPT PETITION filed in the Superior Court on June 9, 1960.

The case was heard by *Kirk, J.*

*Edward O. Proctor,* for the respondent Goldman.

*Maurice M. Goldman,* for the respondent Dowd.

*Alan M. Winsor, (John G. Miller, Jr.,* with him,) for the petitioner Capetown House, Inc.

WILKINS, C.J. On this petition brought in the name of Capetown House, Inc., the respondents Maurice M. Goldman and Lillian F. Dowd were adjudged in contempt for violation of a temporary restraining order entered on April 13, 1960, in the Superior Court, Barnstable County, in case No. 25633, *Nickerson* v. *Dowd.* The respondent Goldman was committed to the common jail for a term of three months. The respondent Dowd was sentenced to pay a fine of $500 to the court for the use of the petitioner and committed to jail for a term of two months, but her sentence was suspended pending further order. The respondents appealed from the decree. Execution of the decree and commitment of the respondent Goldman were suspended by a single justice of this court.

We set out the restraining order verbatim: "This cause came on to be heard upon the petitioners' [plaintiffs'] motion for a temporary restraining order, and thereupon, upon consideration thereof, it is ordered that Lillian F. Dowd and her agents, attorneys and counsellors, and each and everyone of them, [1] to [*sic*] desist and refrain from interfering with the lawful operation of Capetown House Inc. and [2] from going forward and prosecuting a petition for dissolution of Capetown House Inc., Barnstable County Superior Court in Equity No. 25729 and a motion for the appointment of a receiver, Barnstable County Superior Court in Equity No. 25729, or [3] [from going forward and prosecuting] any other legal action for the purposes of hampering or dissolving the lawful operation of said Capetown House Inc., until final determination of this suit, No. 25633."

The phrase "lawful operation of Capetown House Inc." was taken from the plaintiffs' motion. It is an unfortunate expression, particularly when carried over into the terms of the restraining order, and constitutes a confusing foundation upon which to base adjudications of contempt. The respondent Dowd lays heavy stress upon the phrase, and contends that the acts of one Nickerson, a business associate, whose acts she was charged with hindering, were not authorized and hence were unlawful. The respondents are charged with "wilful defiance" of the restraining order. To find a violation there must be a clear and unequivocal command and an equally clear and undoubted disobedience. *Terminal R.R. Assn.* v. *United States,* 266 U. S. 17, 29.

The petition for contempt was signed "Capetown House, Inc., by Warren V. Nickerson, President and General Manager." It alleged that an interlocutory decree entered on May 2, 1960,[1] continued the restraining order of April 13, 1960, and that the respondents Dowd and Goldman violated that order in various respects. In an oral statement from

---

[1] This decree read: "This cause came on to be heard upon a temporary restraining order, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the said temporary restraining order be, and it is hereby continued in force pending the final determination of this suit."

the bench at the conclusion of the testimony the judge found that the averments in certain paragraphs of the petition had been sustained, six as to the respondent Dowd and two as to the respondent Goldman.

The parties are in agreement that the contempt was civil. We shall take the case as thus presented. It is settled beyond all question that appeal is a proper remedy for the review of an adjudication of civil contempt. *Godard* v. *Babson-Dow Mfg. Co.* 319 Mass. 345, 348. *Cameron* v. *Durkin,* 321 Mass. 590, 596. *Commonwealth* v. *McHugh,* 326 Mass. 249, 275. *Alves* v. *Braintree,* 341 Mass. 6, 9.

As there were no detailed findings in the decree, and none but the naked oral findings that certain charges were sustained, the burden of making findings adequate to an understanding of this decision falls upon us. See *Alves* v. *Braintree,* 341 Mass. 6, 10. In so doing we do not consider affidavits filed in this court with the purpose of filling in blank spots in the record. If any party desired to rely on such matters, application could have been made to the trial judge to report the case.

Capetown House, Inc., was a Massachusetts corporation, which operated a "night club" and bar. Nickerson and the respondent Dowd each owned fifty per cent of its capital stock. At the time of the hearing its business had been closed since November, 1959. It occupied premises leased from the respondent Dowd under an indenture of October 28, 1958, the term being ninety-nine years and the yearly rental $1. The circumstances leading to the execution of this document do not appear in the record. The respondent Dowd operated a business known as Cape Self Service Laundry, which occupied part of the same building, the main doors being twenty-five feet apart. The laundry and Capetown House were separated by a common wall. A provision of the lease was, "It is further agreed that whereas the Lessor is doing business as the Cape Self Service Laundry, and occupying part of the premises subject of this lease, but intends to vacate the premises within six months' time, that the Lessor may continue to occupy said

premises without payment of rent for the said period of six months from the date of this lease."

There is a controversy as to whether Nickerson or the respondent Dowd is president of the corporation. This question we cannot resolve on the record before us.

The original suit in equity (No. 25633) was brought on November 12, 1959, by Warren V. Nickerson and another against Lillian F. Dowd, Maurice M. Goldman, and others. On December 11, 1959, a final decree was entered on the plaintiffs' motion dismissing the bill of complaint without prejudice. The case then proceeded only on a counterclaim of the defendant (respondent) Dowd, with Mr. Goldman as her attorney, against the two plaintiffs and additional parties defendant, one of which was Capetown House, Inc. This case, two other equity suits, and an action at law were referred to a master and auditor. Mrs. Dowd became the sole plaintiff, and Mr. Goldman was her counsel. The hearings were bitterly contested. At one time the master and auditor disqualified himself. At another Mrs. Dowd moved to discharge the master and auditor. Upon resumption of the hearings, which Mrs. Dowd did not attend, a subpoena was issued and was followed by a capias for her arrest.

On February 8, 1960, Mrs. Dowd filed a petition (No. 25729) under G. L. c. 155, § 50, for the dissolution of Capetown House, Inc., and on April 12, 1960, filed a motion for the appointment of a receiver.

The litigation was in this posture when the temporary restraining order was issued on April 13, 1960. That order contains no recital that it was argued by counsel. The answer to the counterclaim was unsworn and signed by counsel only. The order was served on the respondents Dowd and Goldman on April 15 and 18, respectively. They urge that it was issued contrary to G. L. c. 214, § 9, as amended by St. 1935, c. 407, § 3.[1]  At that time the counter-

<hr>

[1] "No preliminary injunction shall be granted without notice to the opposite party.  No temporary restraining order shall be granted without notice to the opposite party, unless it shall clearly appear from specific facts, shown by affidavit or by the verified bill, that immediate and irreparable loss or damage

claim had been tried before a master, who had made a report, still unconfirmed. The court had jurisdiction of the subject matter and the parties.

A motion by the respondent Dowd to dismiss the order was filed on April 18. It was endorsed "Denied after hearing," purportedly on May 1, which was a Sunday.[1] We assume that this was intended for May 2, the date of the interlocutory decree which continued the temporary restraining order in force "pending the final determination of this suit." That decree was in substance the granting of a preliminary injunction. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 576. *Davis* v. *Hayden,* 238 Fed. 734, 736–737 (4th Cir.). *Schainmann* v. *Brainard,* 8 F. 2d 11, 12 (9th Cir.). Of this the respondents had seasonable notice according to the docket. Any issue of violation of G. L. c. 214, § 9, could not be raised at the hearing on the petition for contempt. One who is charged with violating a temporary restraining order or a preliminary injunction, entered by a court having jurisdiction of the subject matter and the parties, cannot be heard to contest its validity in a proceeding for contempt. See *Irving & Casson–A. H. Davenport Co.* v. *Howlett,* 229 Mass. 560, 562–563; *Commonwealth* v. *McHugh,* 326 Mass. 249, 275; *State Realty Co. of Boston, Inc.* v. *MacNeil,* 341 Mass. 123, 124; *In re Lennon,* 166 U. S. 548, 554; *Howat* v. *Kansas,* 258 U. S. 181, 189–190; *United States* v. *United Mine Wkrs. of America,* 330 U. S. 258, 293–294; *Lewinsohn* v. *United States,* 278 Fed. 421, 423 (7th Cir.); *Reich* v. *United States,* 239 F. 2d 134, 137 (1st Cir.); *Christian Hosp.* v. *People,* 223 Ill. 244, 248–250.

In view of the result reached we find it unnecessary to

---

will result to the applicant before the matter can be heard on notice. If in such a case a temporary restraining order is granted without notice, notice of the application for a preliminary injunction shall be made returnable at the earliest possible time, and in no event later than ten days from the date of the order . . . . When the matter comes up for hearing, the party who obtained the temporary restraining order shall proceed with his application for a preliminary injunction, and if he does not do so the court shall dissolve the temporary restraining order. Upon two days' notice to the party obtaining such temporary restraining order, the opposite party may appear and move the dissolution . . . of the order . . . ."

[1] This was not entered upon the docket until June 20, when notice was sent.

decide whether by virtue of G. L. c. 214, § 9, the order of
April 13 "terminated of its own force" on April 23 before
it was renewed on May 2. See *Stathopoulous* v. *Reeksting*,
252 Mass. 542, 544. The only charges which would be af-
fected are paragraph E ("on or about May 1, 1960") and
paragraph K ("on or about April 29, 1960").

We now consider the charges which were sustained
against the respondent Dowd. An underlying question,
although not argued in any brief, is the effect of the provi-
sion in the lease regarding six months' free rental of the
laundry premises. This period expired on April 28, 1959,
and yet the respondent Dowd was still in possession more
than a year later when the alleged acts in contempt oc-
curred. There is nothing to show that such continued pos-
session was not rightful.

(1) Paragraph A of the petition was: "On May 11, 1960,
the president and general manager, Warren V. Nickerson,
turned on the electricity at the place of business of Cape-
town House, Inc. That, in wilful defiance of said restrain-
ing order, the said Lillian F. Dowd shut off the electricity
and otherwise interfered with the lawful operation of
Capetown House, Inc."

(2) Paragraph D was: "That on or about May 20, 1960,
the said Lillian F. Dowd in wilful defiance of said restrain-
ing order prohibited Warren V. Nickerson to enter the
premises of Capetown House, Inc., for the purposes of turn-
ing on the electricity so that necessary repairs and main-
tenance for the conduct of business might be made."

Both charges must have been found to fall within the
first prohibition of the restraining order: "from interfer-
ing with the lawful operation of Capetown House Inc."
The electric switch was in the laundry premises, and the
only meter was in the name of the respondent Dowd. She
was under no obligation to furnish free electricity or elec-
tricity on credit to Capetown House. She was within her
rights in shutting it off on May 11. The evidence is not
clear that the respondent Dowd prohibited Nickerson from
entering the premises of Capetown House as distinguished

from the laundry premises. The charges in the two paragraphs relating to electricity are not sustained.

(3) Paragraph E of the petition was: "That in violation of said restraining order the said Lillian F. Dowd on or about May 1, 1960, unlawfully placed a 'For Sale' sign in front of the premises of Capetown House, Inc., for the purpose of interfering with the lawful conduct of business by Capetown House, Inc."

This charge again must have been found to fall within the general prohibition against "interfering with the lawful operation of Capetown House Inc." There are numerous reasons why this trifling charge cannot be sustained. The sign was on the premises of the laundry. It is not clear that it could be read from the street. It remained for a "couple of days" for the owner, a local lawyer, to pick up. These dates do not appear in the testimony.

(4) Paragraph G of the petition was: "That on or about May 24, 1960, the said Lillian F. Dowd prohibited the installation of a telephone on the premises of Capetown House, Inc., which had been ordered by the said Capetown House, Inc., for the use of customers and management of Capetown House, Inc."

(5) Paragraph H of the petition was: "That on or about May 25, 1960, the said Lillian F. Dowd again prohibited employees of the New England Telephone and Telegraph Company from installing a telephone on the premises of Capetown House, Inc., for the wilful purpose of interfering with the conduct of business at Capetown House, Inc."

Paragraphs G and H also fall within the general prohibition against "interfering with the lawful operation of Capetown House Inc." It could have been found that the respondent Dowd prevented the employees of the telephone company from climbing the poles on the property. She argues in her brief that the poles had been purchased by her years before. There seems to be a dispute as to whether the lease covered merely land or both the land and buildings. The lease in two places refers to "land with the buildings thereon." There is also the provision al-

ready quoted that the respondent Dowd could occupy the laundry premises for six months rent free. The poles were part of the demised real estate. She could be found in contempt on the charges in paragraphs G and H provided there was a "lawful operation" of Capetown House. But in view of the serious consequences of the case for her and the fact that one sentence was imposed upon six charges, we think that the ends of justice will be best served if the case is heard anew on these two charges. Of course, this will be subject to the proviso that a sentence for civil contempt in order to be valid must be for the purpose of enforcing compliance with an outstanding order or decree.

(6) Paragraph I of the petition was: "That on or about June 4, 1960, the said Lillian F. Dowd came upon the premises of Capetown House, Inc., while a truck was in the process of taking debris to the dump, jumped on said truck, still on the premises of Capetown House, Inc., took and kept the keys out of the ignition, and prohibited the conduct of business and created a disturbance in wilful violation of said restraining order."

The charge does not state facts which could have been found, and it cannot be sustained. On his own testimony Nickerson had dumped trash on "her premises next door," and the episode occurred in the course of what might be described as negotiations to force removal of the trash.

We now turn to the charges against the respondent Goldman.

Paragraph J of the petition was: "On or about May 21, 1960, the said Maurice M. Goldman wrote a letter to the board of selectmen, in Harwich, with a copy to the Alcoholic Beverage Commission, in Boston, stating in effect that they had no right to issue a liquor license to Capetown House, Inc., with Warren V. Nickerson as manager, for the express purpose of interfering and prohibiting the lawful conduct of the business of Capetown House, Inc., in wilful violation of said restraining order."

The letter, which we need not set forth, was in the nature of a caveat. While it surely was not expressed in a way to

encourage the granting of the license, it did not fall within its description in paragraph J. This charge cannot be sustained.

Paragraph K of the petition was: "On or about April 29, 1960, the said Maurice M. Goldman appeared in the Bankruptcy Court in the United States District Court, in Boston, before the Honorable Edwin F. Hannon even after a query by the aforesaid Referee if the said Maurice M. Goldman was 'flying in the face' of the aforesaid restraining order and persisted in an unsuccessful attempt to have the said Capetown House, Inc., adjudicated a bankrupt, with the wilful and contemptuous purpose of hampering and dissolving [*sic*] the lawful operation of Capetown House, Inc., in open defiance of said restraining order."

The petitioner contends that this was a violation of the third clause of the restraining order, "from going forward and prosecuting . . . any other legal action." The respondent Goldman represented about twenty-two clients who had claims against Capetown House. These are described in his brief as petitioning creditors. The precise date of his appearance in the bankruptcy court does not appear. The restraining order was not expressly against the respondent Goldman but was against the "agents, attorneys and counsellors" of the respondent Dowd. It is not to be construed as a restraint upon her attorney as counsel for other parties. *People* v. *Randall,* 73 N. Y. 416, 422–423. *Slater* v. *Merritt,* 75 N. Y. 268, 271–272. A fortiori, it is not to be construed as a restraint upon activities in bankruptcy proceedings in a Federal court. *In re Yaryan Naval Stores Co.* 214 Fed. 563, 564–565 (6th Cir.). *In re Bankshares Corp. of the United States,* 50 F. 2d 94, 95 (2d Cir.). *Morgan* v. *State,* 154 Ark. 273, 281. *In re Kepecs,* 123 N. Y. S. 872, 873–874 (S. C.). Remington on Bankruptcy (5th ed.) § 2080. This charge cannot be sustained.

The petitioner argues that the docket entries in case No. 25729, *Dowd* v. *Capetown House, Inc.* (the petition for dissolution), show papers filed in April, 1960, and that the

respondents have violated the second prohibition of the restraining order. This was not made the subject of any charge in the court below, and we do not consider it.

The decree adjudging the respondents in contempt is reversed. The petition is to be dismissed as to the respondent Goldman. Any further proceedings as to the respondent Dowd are to be in conformity with this opinion.

*So ordered.*