THE UNITED STATES TIME CORPORATION *vs.* G. E. M. OF BOSTON, INC.

Essex. December 6, 1962. — January 3, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Contempt. Agency,* By estoppel. *Evidence,* Presumptions and burden of proof. *Estoppel.*

In a proceeding by a manufacturer of watches against the proprietor of a retail store for contempt for violation of an injunction against knowingly and wilfully selling the watches or allowing them to be sold on premises subject to the respondent's control at less than established minimum fair trade prices, certain evidence respecting a sale of a watch

in the store to a professional shopper employed by the petitioner did not show that the petitioner had sustained the burden of proving a clear disobedience of the injunction where the respondent had denied that the salesman who sold the watch was an employee of the respondent and had alleged that the portion of the store where the sale took place had been leased to one who was in control of that portion; the petitioner in the circumstances was not aided by the principle of agency by estoppel.

CONTEMPT PETITION filed in the Superior Court on January 15, 1962.

The case was heard by *Morton, J.*

*John J. Graham* for the respondent.

*James B. Tiffin* for the petitioner.

WILKINS, C.J.   This is a petition for contempt by a manufacturer of watches against the owner of a store in Saugus. The alleged contempt was on December 29, 1961, and was the violation of a temporary injunction issued under a prayer of a bill in equity, which read, "That the respondent, its agents, employees and servants be temporarily enjoined until further order of the court from knowingly and wilfully advertising, offering for sale or selling or allowing to be sold on premises subject to its control any product bearing the petitioner's name or trademarks, to wit: watches bearing the trademarks Timex or Ingersoll at prices less than the minimum fair trade prices established by the petitioner in pursuance of its contracts with retailers within the Commonwealth."   The judge found the respondent to be in contempt and ordered it to pay $1,000 to the petitioner or its attorneys.   The respondent appealed.   The judge made a report of the material facts found by him.   The evidence is reported.

The petitioner sells its watches throughout the Commonwealth.   The watches and their containers bear the petitioner's brands and trade marks and are in competition with watches produced by others.   The petitioner has entered into fair trade contracts with retailers, who have agreed that they will not advertise, offer for sale, or sell any products bearing the petitioner's trade marks at prices less than the prices set forth in a schedule of minimum prices.

Attached to one of the current fair trade contracts is a schedule in which the selling price of Timex watches is $29.95. On or about August 31, 1961, the petitioner, "having received evidence of violation by the respondents [*sic*] of the petitioner's fair trade prices," notified the respondent by letter of its fair trade contract and furnished a copy of the contract and its current price schedule.[1] "After that,[2] a person engaged by the petitioner went to the store of the respondent and asked for a Timex electrical watch." She was shown one bearing the price of $29.95. Watches and other articles in a display case bore a discount notation. She asked "the salesman" if she could have a discount on the watch. He said that she could and sold it to her at a price substantially less than $29.95.

The foregoing are substantially all the facts in the report of the judge.

The respondent denies that the salesman who sold the watch was its employee, and relies upon an alleged lease of a portion of its store to an unnamed concessionaire who, it contends, controlled that portion of the premises where the sale took place. No lease, however, was offered in evidence. In support of its position the respondent refers to its answer to paragraph 2 of the petitioner's notice to admit facts, which was read without objection at the hearing by counsel for the petitioner. See G. L. c. 231, § 69 (as amended through St. 1946, c. 450). Paragraph 2 was "That the respondent, G. E. M. of Boston, Inc. is in charge of the operation of the store in Saugus located on the Lynn Fells Parkway at Route 1, upon which there is a sign 'G. E. M.' " The answer was, "With regard to the petitioner's statement that G. E. M. of Boston, Inc. is in charge of the operation of the store in Saugus upon which there is a sign 'G. E. M.,' respondent says in answer that G. E. M. of Boston, Inc. does have such a store, but that G. E. M. of Boston, Inc. does not have charge of the sale of any of petitioner's products, that

---

[1] The injunction was issued after hearing on September 25, 1961.

[2] On December 29, 1961, according to the testimony.

the respondent has leased an area to another corporation which is in charge of its own premises."

Based on the testimony of its general manager, the respondent contends that it did everything it could to prevent any violation of the injunction. This apparently consisted of talking with the manager of the "jewelry section." The judge did not accept this as being adequate action by the respondent. We certainly are in no position to make a finding contrary to that of the trial judge. The respondent was in a dubious position, and to prove its good faith should have made a fuller and more detailed proof of the facts if they were to be relied upon solely as an affirmative defence.

On the other hand, fundamentally the burden was upon the petitioner to prove its case and not upon the respondent to disprove it. The petitioner had prayed for and had been granted an injunction against the respondent's "knowingly and wilfully . . . offering for sale or selling or allowing to be sold on premises subject to its control" Timex watches at less than the minimum fair trade prices.

To constitute a wilful violation of the injunction there must be a clear and unequivocal command and an equally clear and undoubted disobedience. *Nickerson* v. *Dowd*, 342 Mass. 462, 464. That the control of the portion of the premises occupied by the jewelry department was to be in issue was partly foreshadowed by the phraseology of the prayer on which the injunction was based and was clearly indicated by the respondent's answer to the notice to admit facts.

In connection with the testimony of the petitioner's professional shopper, there were marked as exhibits: (1) a registration card as a member, for which she paid $2, entitling her to purchase in any "G. E. M." store; (2) a sales slip for the watch on which was stamped "G. E. M. Jewelry Dept."; and (3) an identifying sticker with the repeated letters "G. E. M." Relying upon these and upon the name "G. E. M." across the front of the building, the petitioner urges that there was an implied agency. On these facts, this must mean an agency by estoppel, which calls for re-

liance.  See *Barron* v. *McLellan Stores Co.* 310 Mass. 778, 782–783.  See also Restatement 2d: Agency, § 8B, 2 C. J. S., Agency, §§ 23, 29.  An agency by estoppel might suffice in an action of tort for personal injuries (*Barron* v. *McLellan Stores Co., supra*) or in a suit based upon some breach of contract (*McCarthy* v. *Brockton Natl. Bank,* 314 Mass. 318, 323), but it does not show the clear and undoubted disobedience which is required for the foundation of a petition for contempt.  The petitioner's professional shopper in trying to obtain evidence against the respondent was not acting in reliance upon the appearance of things.

The order adjudging the respondent in contempt is reversed.  Any further proceedings are to be in conformity with this opinion.

*So ordered.*