MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION *vs.*
GEORGE V. WATTENDORF.

Suffolk.   October 5, 1967. — November 30, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Contempt.   Anti-Discrimination Law.*

It was proper to dismiss a contempt proceeding for alleged violation of a decree ordering the respondent, the proprietor of a real estate office, to refrain from discrimination on account of color or race in the conduct of his business where, although it appeared that the manager of the respondent's office did discriminate against a Negro, an applicant at the office for an apartment, because of his race and color, it did not appear that the respondent, who had instructed his employees not to discriminate against Negroes, knew of, authorized, or participated in the manager's discriminatory conduct or "intentionally or personally violated the decree," or that there was a "clear and undoubted disobedience" thereof by the respondent.

PETITION filed in the Superior Court on December 3, 1965.

The case was heard by *Moynihan*, J.

*John J. Roche*, Special Assistant Attorney General, for the petitioner.

No argument or brief for the respondent.

WILKINS, C.J.   The petitioner has appealed from a decree dismissing its petition to have the respondent adjudged in

contempt for violation of a decree entered on October 26, 1964, which ordered the respondent (1) to "cease and desist and in the future refrain from making any inquiry, distinction, discrimination or restriction on account of color or race in the conduct of any phase of respondent's business"; and (2) to "order all persons who act for him or in his behalf to cease and desist and in the future refrain from making any such distinction, discrimination or restriction."

The facts were found by the trial judge. The respondent conducts a real estate office in the Dorchester District of Boston for the sale and rental of residential properties. The sales manager in charge of that office is one Coleman. On or about October 20, 1965, one Matthews, a Negro, went to the office and inquired as to the availability of a four to five room apartment for himself, his wife, and two children at a rental of $100 to $110 a month. Matthews said he would pay more than $110 if the apartment was worth it. He specifically asked about such apartments in certain sections of Dorchester, and was told by Coleman that none was available. Within a day or two Matthews returned to the office, and Coleman again told him that no apartments of the type he desired were available. In fact there were available one or more apartments of the type, character, location, and price range specified by Matthews. Coleman did not disclose this information because of Matthews' race.

The judge found that "Coleman, in acting as a broker or rental agent, discriminated against Matthews because of his race and color," but was "unable to find that the respondent Wattendorf had actual knowledge of Coleman's conduct or that he authorized or participated in the discriminatory conduct of Coleman." The findings continued: "The only direct evidence on the point is that Wattendorf had instructed his employees not to discriminate against Negroes. Therefore, I do not find that Wattendorf intentionally or personally violated the decree by discriminating among applicants for housing on the basis of color or race. The evidence falls short of proof of 'the clear and undoubted disobedience which is required for the foundation of a pe-

tition for contempt'. See *United States Time Corp.* v. *G. E. M. of Boston, Inc.* 345 Mass. 279," 283.

No error appears. Coleman was not a party respondent, and the trial judge made no decision as to whether he was in contempt. The petitioner strives to base an argument on the mistaken view that the trial judge "held" that he was "bound" by the *G. E. M.* case to dismiss the petition. The trial judge, however, made no such statement nor said anything in the least justifying it. What he did was to quote from that case the applicable portion of a well established principle, full statement of which is, "To constitute a wilful violation of the injunction there must be a clear and unequivocal command and an equally clear and undoubted disobedience. *Nickerson* v. *Dowd,* 342 Mass. 462, 464." *United States Time Corp.* v. *G. E. M. of Boston, Inc., supra,* 282. See *Terminal R. R. Assn.* v. *United States,* 266 U. S. 17, 29, cited in the *Nickerson* case.

The ruling that there was a clear and unequivocal command is conclusive. Equally conclusive is the finding that there was no violation. There was no abuse of discretion, and without that essential element the decree dismissing the petition must be affirmed. *Mason* v. *Siegel,* 301 Mich. 482, 484. *East & West Coast Serv. Corp.* v. *Papahagis, Appellant (No. 2),* 344 Pa. 188, 190. *Jackson* v. *Jackson,* 241 S. C. 1, 15. Accord: *Lentz* v. *Lentz,* 19 Ohio App. 329, 334.

*So ordered.*