TOWN OF TOPSFIELD *vs.* BEECHILL CORPORATION. April 7, 1980. 1. The judge did not err in denying the plaintiff's motions that the defendant be adjudicated in contempt of court for violation of the stipulation dated June 22, 1976, and the "order" of the court dated March 25, 1976. We assume, without deciding, that the latter order was a "judgment" within the meaning of Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1976). Nevertheless, we think that neither the stipulation (although approved by the court) nor the order constituted an injunction. The order, read as a whole, was a determination or declaration of the rights and obligations of the parties. It would have supported the entry of an injunction, but it was not itself an injunction. The stipulation was an agreement by which the parties recognized certain obligations and agreed to do or refrain from doing certain acts but did not purport to put either party under the restraint of a direct court order that it do or refrain from doing any particular act. It is well settled that an injunction should be clear and definite in describing what conduct is prohibited or required, *Building Commr. of Medford* v. *C. & H. Co.*, 319 Mass. 273, 284 (1946), and that contempt does not lie as a remedy in the absence of a "clear and unequivocal command." *United States Time Corp.* v. *G.E.M. of Boston, Inc.*, 345 Mass. 279, 282 (1963). *Massachusetts Commn. Against Discrimination* v. *Wattendorf*, 353 Mass. 315, 317 (1967). Although these authorities dealt with the description of prohibited (or mandated) conduct contained in an injunction, we think the principle is equally applicable where there is uncertainty whether the document in question is intended to operate as an injunction or "only [as] an abstract conclusion of law, not an operative command . . . ." *International Longshoremen's Assn., Local 1291* v. *Philadelphia Marine Trade Assn.*, 389 U.S. 64, 74 (1967). See Mass.R. Civ.P. 65(d), 365 Mass. 833 (1974). 2. The "rulings and order on motions for contempt," entered August 3, 1978, is not a "judgment" within Mass.R.Civ.P. 58(a), and this appeal is therefore technically premature;

but as nothing remains to be done but the ministerial act of the clerk's preparing and entering a judgment in accordance with the mandate of rule 58(a)(1), we have indicated our view as to the correctness of the dispositive order. *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket,* 5 Mass. App. Ct. 206, 207-208 (1977).

*Appeal dismissed.*

*William G. Evans,* Town Counsel, for the plaintiff.
*John A. McNiff* for the defendant.