Neel, J.
The plaintiff, Robert J. Heavey (“Heavey”), seeks to reach and apply defendant Michael Donley’s (“Donley”) claims as beneficiary against defendant Rhode Island Hospital Trust National Bank (“RIHT’), Trustee under the “Loretta Donley 2d Irrevocable Trust.” Heavey has also filed a civil contempt complaint, alleging that the RIHT violated a court injunction. Both Heavey and RIHT now move for summary judgment on the reach-and-apply claim and the contempt claim. After hearing, Heavey’s motion is denied and RIHTs motion is allowed.
FACTS
The facts, read in the light most favorable to the plaintiff, are as follows:
On August 1, 1990, Heavey commenced an action to recover $249,000, plus interest and attorneys fees, from Donley on a promissory note and personal guarantee. The court granted Heavey summary judgment on December 23, 1991. (Izzo, J.)
Donley was the beneficiary of an irrevocable spendthrift trust. He and a sibling were each entitled to a one-half outright distribution of the Trust assets[1] when he reached the age of thirty. Donley turned thirty on May 30, 1992.
The court issued a preliminary injunction on April 27, 1992 prohibiting RIHT from making payments from the trust to Donley, “subject to any claim to or lien on such funds in favor of the Internal Revenue Service, should it be adjudicated that such claim or lien is prior or senior to plaintiffs claim.” On or about May 28, 1992 an amended preliminary injunction was issued. The amended injunction eliminated the language requiring an adjudication of the prior or senior IRS liens and replaced it with the following: “Such order is and will be subject to any valid claim to or lien on such funds in favor of the Internal Revenue Service.”
The IRS makes claim to, and has levied upon, the entire amount of the funds held by RIHT. Donley seeks to reach and apply $41,000 retained by RIHT, pursuant to an agreement with the IRS, to be used by the *632 Trust for administrative expenses incurred in terminating the trust. Under the agreement, the balance, if any, goes to the IRS. The plaintiff further seeks civil contempt fines, alleging that RIHT violated the preliminary injunction by (1) turning over to the IRS $67,528.91 in excess of the recorded liens set forth in the Notice of Federal Tax Lien; (2) making cash disbursements to Donley totaling $9,856.50; and (3) advancing $7,999.86 from the trust principal to pay interest due on a note from Donley to the Trust.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. GeneralMotors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1980).
I
The plaintiffs argument to reach and apply the Trust assets fails since the plaintiff failed to establish that RIHT holds property belonging or owing to Donley. Donley has no assets, property or funds due or owing to him as beneficiary of the Trust.
The record reflects that the IRS levied upon the Trust assets on September 10, 1992, seizing the entire amount of the funds held by RIHT for Donley. Under a subsequent agreement with the IRS, and at its direction, RIHT has held back $41,000 to defray its administrative expenses; any balance will go to the IRS. The point at which the IRS levied on the funds pursuant to a valid claim to the funds is the point at which, in view of the Amended Preliminary Injunction issued May 28, 1992, RIHT ceased to hold funds due or owing to Donley. (See discussion below.) Since there is nothing to be reached and applied in satisfaction of plaintiffs judgment against Donley, RIHT has demonstrated the absence of a triable issue regarding the plaintiffs reach and apply action.
II
The plaintiff further seeks a civil contempt court order, alleging that RIHT violated the Amended Preliminary Injunction. The injunction enjoins and restrains RIHT “from making any payment to defendant Michael P. Donley in connection with the Loretta Donley 2nd Revocable Trust up to and including the sum of $350,000. Such order is and will be subject to any valid claim to or lien on such funds in favor of the Internal Revenue Service.”
To find a defendant in civil contempt of a court order, there must be a clear and unequivocal command and equally clear and undoubted disobedience. Whelan v. Frisbee, 29 Mass.App.Ct. 76 (1990); Larson v. Larson, 28 Mass.App.Ct. 338 (1990); and Nickerson v. Dowd, 342 Mass. 462 (1961).
The plaintiff has failed to show any violation of the court ordered injunction. There is no uncertainty in the explicit language of the injunction. It is not disputed that the IRS levies against the assets of the Trust were valid claims. There is no language in the Amended Preliminary Injunction regarding the priority or seniority of the IRS claims. Such language was eliminated from the original injunction, by agreement of the parties. The word “valid” does not equate to “prior.” Therefore, RIHTs surrender of Donley’s share of the Trust pursuant to a valid claim of the IRS was not a violation of the court order.
Furthermore, the payments totaling $9,856.50 to Donley from the Trust were made pursuant to the Release of Property for Levy issued by the IRS on April 26, 1990. Such payments were made pursuant to the sole direction and control of the IRS, from Trust assets upon which the IRS had already levied. Thus, the payments to Donley, authorized by the IRS, did not constitute a clear and undoubted disobedience to a clear and unequivocal command of the court.
Finally, the plaintiff alleges that RIHT made a cash disbursement for the benefit of Donley in the amount of $7,999.86. The injunction specifically enjoins and restrains RIHT from making any payments to Donley. RIHT has established that there was no cash disbursement to Donley, rather a simple trust accounting entry: The amount was transferred from one cash account to another within the Trust itself. Plaintiff has offered no contrary evidence.
ORDER
Based on the foregoing, it is hereby ORDERED that the defendant’s, RIHT, motion for summary judgment is ALLOWED, and the plaintiffs motion for summary judgment is DENIED.

 Trust held a promissory note in the amount of $40,000 from Donley. Donley defaulted on the principal and interest on this note.