# RESCRIPT OPINIONS.

In the Matter of Demetrios G. Kafkas. March 28, 2008. *Attorney at Law,* Suspension, Contempt, Admission to practice. *Contempt.*

Demetrios G. Kafkas appeals from a judgment of the county court, after an evidentiary hearing, finding him in contempt of an order of term suspension from the practice of law and disqualifying him from reinstatement for four years from the date of the judgment. We affirm.

In 2002, Kafkas was suspended from the practice of law for two years. *Matter of Kafkas,* 18 Mass. Att'y Discipline Rep. 342 (2002). Kafkas knew the terms of the suspension order as well as S.J.C. Rule 4:01, § 17 (3), (7), as appearing in 425 Mass. 1321 (1997), which prohibits a suspended lawyer from engaging in the practice of law until he or she is reinstated by the court, and from performing paralegal work until he or she has been authorized by the court to do so. Kafkas applied for leave to be employed as a paralegal; such leave was denied. After the two-year suspension term had passed, Kafkas petitioned for reinstatement to the practice of law. While that petition was pending, Kafkas prepared for an acquaintance, in his own handwriting, a complaint for divorce, a motion to file a marriage certificate late, and a motion to have the acquaintance's wife vacate the marital home, all to be signed and filed pro se by the acquaintance. A single justice of this court ruled, and we agree, that these actions constituted the practice of law, as well as paralegal work, in contempt of the suspension order and rule 4:01.[1] *Opinion of the Justices,* 289 Mass. 607, 612 (1935) (practice of law includes "preparation of pleadings, process, and other papers incident to [an] action or proceeding"). See *Nickerson v. Dowd,* 342 Mass. 462, 464 (1961) (finding of contempt requires "clear and unequivocal command and an equally clear and undoubted disobedience").

Kafkas argues on appeal, as he testified before the single justice, that he was merely helping his acquaintance with his spelling and grammar. However, the single justice did not so find. There is no indication that he credited this testimony. Indeed, to the contrary, the single justice specifically found that Kafkas had become "engaged as lawyer for another in a new matter," and that his work "constituted the practice of law" as well as paralegal work. Similarly, while Kafkas argues that he did not wilfully disobey the suspension

---

[1] At the hearing before the single justice, there were factual disputes as to the circumstances in which Kafkas performed these tasks, for example, whether he met with the acquaintance in an office or in a less formal setting and whether a check given to Kafkas was in payment for his services or was intended to be given by him to a third party. The single justice did not resolve these issues. It was unnecessary for him to do so. Nothing in our opinion turns on these facts.

order, the single justice found that he did. None of the single justice's findings has been shown to be clearly erroneous.

Finally, Kafkas argues that the papers that he prepared, some of which were preprinted forms, are akin to tax returns or other documents that a layperson may prepare without engaging in the practice of law. See *Lowell Bar Ass'n* v. *Loeb*, 315 Mass. 176, 181-183, 186 (1943). We reject this claim. In point of fact, one of the documents was not a preprinted form. More importantly, the documents were not tax returns, but a complaint and motions seeking relief from a court for another person.

The single justice therefore properly found Kafkas to be in contempt and imposed the sanction required by S.J.C. Rule 4:01, § 17 (8), as appearing in 425 Mass. 1321 (1997).

*Judgment affirmed.*

*Arthur C. Sullivan, Jr.,* for the respondent.

*Demetrios G. Kafkas,* pro se.

*Constance V. Vecchione,* Bar Counsel.